■ AUSTIN S. MANGINARO et al., Appellants-Respondents, v COUNTY OF NASSAU et al., Respondents-Appellants, et al., Defendant. [634 NYS2d 181] —In an action to recover damages for medical malpractice, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 21, 1992, as denied their motion to set aside so much of the jury verdict as awarded the plaintiff Austin Scott Manginaro $750,000 in future medical expenses, (2) from an order of the same court, dated January 15, 1993, which denied the plaintiffs' motion denominated as one for reargument and renewal of their prior motion to set aside the jury verdict, but which was, in actuality, for reargument of that motion, (3), as limited by their brief, from so much of an order of the same court, dated June 30, 1993, as granted the motion of the defendants County of Nassau and Nassau County Medical Center to reduce the jury verdict of $3,500,000 by a prior settlement of $2,400,000, (4) from a copy of the order dated June 30, 1993, which, on July 21, 1993, was entered by the Clerk of Nassau County in favor of the plaintiffs and against the defendants, and (5) from a judgment of the same court, dated November 10, 1993, which is in favor of the plaintiffs and against the defendants County of Nassau and Nassau County Medical Center in the principal sum of only $1,100,000. The defendants County of Nassau and Nassau County Medical Center cross-appeal from the judgment dated November 10, 1993.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the copy of the order dated June 30, 1993, which, on July 21, 1993, was entered as a judgment, is vacated, and the Clerk of Nassau County is directed to cancel the same of record; and it is further,

Ordered that the judgment entered November 10, 1993, is affirmed, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders dated August 21, 1992, and June 30, 1993, are brought up for review and have been considered on the appeal and cross appeal from the judgment (see, CPLR 5501 [a] [1]).

The appeal from the order dated January 15, 1993, which denied the plaintiffs' motion to "reargue and renew" their prior motion to set aside the jury verdict, must be dismissed for an additional reason. The motion was actually one for reargument since it was not based upon new facts unavailable at the time of the original motion, and the denial of reargument is not appealable (see, e.g., Matthews v New York City Hous. Auth., 210 AD2d 205; Huttner v McDaid, 151 AD2d 547).

Contrary to the defendants' contention, the plaintiffs adduced sufficient evidence at trial from which the jury could rationally conclude that the defendant Nassau County Medical Center departed from good and accepted medical practice in failing to properly address the ongoing respiratory status of the injured plaintiff (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132) and that this failure was a proximate cause of his injuries (see, Sachs v Nassau County, 151 AD2d 558, 559; Mertsaris v 73rd Corp., 105 AD2d 67, 82-83).

Viewed in the context of the evidence adduced at trial and the court's jury instructions, the challenged interrogatories were neither unclear nor ambiguous (see, e.g., Zimmerman v Jamaica Hosp., 143 AD2d 86; Kavanaugh v Nussbaum, 129 AD2d 559, mod 71 NY2d 535; Schmeider v Montefiore Hosp. & Med. Ctr., 122 AD2d 735).

Upon our review of the record, we determine that the $100,000 settlement payment to the plaintiff Florence Manginaro for "loss of services, medical expenses and all other matters in connection with this action" was properly allocated toward her future unreimbursed expenses for the care and treatment and loss of services of the injured plaintiff. Furthermore, $2,300,000 of the $2,400,000 structured settlement was properly allocated toward the injured plaintiff's damages resulting from the negligence of the defendant Nassau County Medical Center 23 days after he entered the hospital (see, Hill v St. Clare's Hosp., 67 NY2d 72, 85-86; Suria v Shiffman, 67 NY2d 87, 98-99).

The jury's verdict with respect to damages for future unreimbursed medical expenses did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The parties' remaining contentions are without merit. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.