■ MARIA G. NICOLOSI, Appellant, v SLEUTH SECURITY SYSTEMS, LTD., Doing Business as CENTRAL MONITORING SYSTEMS, Respondent, et al., Defendants. [669 NYS2d 303] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 10, 1997, as granted that branch of the defendants' motion which was to vacate a judgment dated July 24, 1995, insofar as entered against the defendant Sleuth Security Systems, Ltd. d/b/a Central Monitoring Systems, upon its default in answering the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to vacate the judgment insofar as entered against Sleuth Security Systems, Ltd. d/b/a Central Monitoring Systems is denied, and the judgment insofar as entered against that defendant is reinstated.

The Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to vacate the default judgment insofar as entered against the corporate defendant. In order to obtain relief pursuant to CPLR 317, the corporate defendant was required to establish that it did not personally receive notice of the summons in time to defend and that it has a meritorious defense (see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138).

The record reveals that the plaintiff effected service upon the corporate defendant in 1993 by delivering a copy of the summons and complaint to its agent at its business address on Route 112 in Medford (see, CPLR 311 [1]). The corporate defendant failed to establish that it did not receive actual notice of the summons in time to defend (see, Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497; Essex Credit Corp. v Tarantini Assocs., 179 AD2d 973).

Furthermore, the plaintiff obtained jurisdiction over the corporate defendant by service of the summons upon the Secretary of State (see, Business Corporation Law § 306; Spearman v Atreet Corp., 238 AD2d 194; Harbert Offset Corp. v Bowery Sav. Bank, 174 AD2d 650). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.