■ GEORGE T. GLIBBERY, Respondent-Appellant, v COSENZA & ASSOCIATES, INC., et al., Respondents, and EXCHANGE PLACE URBAN RENEWAL ASSOCIATES LIMITED PARTNERSHIP, Appellant-Respondent. (And a Third-Party Action.) [771 NYS2d 401]—In an action to recover damages for personal injuries, the plaintiff appeals from stated portions of an order of the Supreme Court, Queens County (Schmidt, J.), dated June 28, 2002, the defendant Exchange Place Urban Renewal Associates Limited Partnership cross-appeals from so much of the order dated June 28, 2002, as denied that branch of its joint motion with the defendants Prudential Company of America and Water Tap Associates, which was to vacate an order of the same court dated March 30, 2001, granting the plaintiff leave to enter a default judgment against it upon its default in answering the complaint and responding to the motion for leave to enter a default judgment, and the defendant Exchange Place Urban Renewal Associates Limited Partnership appeals from an order of the same court dated March 10, 2003, which denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for reargument of that branch of its prior motion to vacate its default in answering the complaint and responding to the motion for leave to enter a default judgment.

Ordered that the plaintiff's appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal from the order dated March 10, 2003, is dismissed on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 28, 2002, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

It is well settled that a defendant seeking to vacate a default in appearing or answering must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Kaplinsky v Mazor,* 307 AD2d 916 [2003]). The Supreme Court providently exercised its discretion in refusing to vacate the default of the defendant Exchange Place Urban Renewal Associates Limited Partnership (hereinafter EPURA). The motion papers addressed the merits of the parties' controversy but failed to set forth a reasonable excuse for the default.

Further, EPURA's appeal from the order dated March 10, 2003, must be dismissed, since no appeal lies from an order denying reargument (*see Manginaro v County of Nassau,* 221 AD2d 603, 604 [1995]). That motion belatedly raised the issue of personal jurisdiction based upon facts which were available to EPURA at the time its original motion was made (*see Manginaro v County of Nassau, supra; Mucciola v City of New York,* 177 AD2d 553, 554 [1991]). Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.