■ KENNETH KAHLKE et al., Appellants, v DAVID BUSCEMI et al., Respondents. [784 NYS2d 611]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated November 26, 2003, which denied their motion to vacate a prior order of the same court (Dillon, J.) dismissing the action pursuant to 22 NYCRR 202.27, upon its failure to attend a pretrial conference, and (2) an order of the same court dated March 24, 2004, which denied their motion which was, in effect, for leave to reargue.

Ordered that the appeal from the order dated March 24, 2004, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 26, 2003, is reversed, on the law, without costs or disbursements, the motion to vacate is granted, and the complaint is reinstated.

The Supreme Court dismissed the plaintiffs' action when neither party appeared on the adjourned date for a conference (see 22 NYCRR 202.27). The plaintiffs thereafter moved to vacate their default in appearing and to reinstate the complaint, explaining that both sides had consented to a further adjournment but that the plaintiffs' repeated attempts to fax a copy of the adjournment request to the court had been unsuccessful until after the calendar was called. The plaintiffs further submitted material regarding the merits of the claim. The Supreme Court denied the motion. We reverse.

In order to be relieved of the default, the plaintiffs were required to demonstrate a reasonable excuse for the default and a meritorious cause of action (see CPLR 5015 [a] [1]; Cazeau v Paul, 2 AD3d 477 [2003]; Reices v Catholic Med. Ctr. of Brooklyn & Queens, 306 AD2d 394 [2003]). Under the circumstances presented, and given both the procedure followed by the parties and the Supreme Court with regard to prior adjournments and the lack of any discernible prejudice to the defendants, we find that the plaintiffs satisfied their burden. Accordingly, the motion to vacate should have been granted and the complaint reinstated.

The appeal from the order dated March 24, 2004, must be dismissed, as that order denied a motion which was, in effect, for leave to reargue, and therefore, is not appealable (see Frisenda v X Large Enters., 280 AD2d 514 [2001]). Accordingly, the papers submitted with regard to that motion have not been considered. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.