■ CHAYA FEKETE, Respondent, v CAMP SKWERE, Also Known as CAMP BNOS SQUARE, Appellant. [792 NYS2d 127]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated May 21, 2004, which granted the plaintiff's motion for a default judgment upon its failure to answer or appear, and denied its cross motion, in effect, to vacate its default and to compel acceptance of a late answer, and (2) an order of the same court dated July 15, 2004, which denied its motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated July 15, 2004, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 21, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A defendant seeking to vacate a default in answering a complaint must demonstrate a justifiable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Caputo v Peton,* 13 AD3d 474 [2004]; *Glibbery v Cosenza & Assoc.,* 4 AD3d 393 [2004]). Here, the defendant failed to do either. The conclusory reasons for the default offered by defense counsel were not substantiated by detailed facts and thus were insufficient to constitute a justifiable excuse (*see Juarbe v City of New York,* 303 AD2d 462 [2003]; *Shmarkatyuk v Chouchereba,* 291 AD2d 487 [2002]; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682 [1993]). Given the two previous extensions granted at the request of defense counsel, the subsequent default was inexcusable, regardless of its short duration (*see Boulton v Fuchsberg,* 177 AD2d 534 [1991]; *Torres v Houses "R" Us,* 182 AD2d 684 [1992]).

In addition, the defendant failed to present a meritorious defense to the action. The affidavit of the campground manager, who was not a witness to the plaintiff's accident, was predicated largely "upon information and belief," and was insufficient to establish a meritorious defense (*see Domenikos v Miranda,* 255 AD2d 481 [1998]; *Bray v Luca,* 233 AD2d 284 [1996]; *Miles v Blue Label Trucking,* 232 AD2d 382 [1996]). While his affidavit made conclusory assertions about the existence of "valid and meritorious defenses," and suggested the existence of issues relating to notice and comparative negligence, such statements were bereft of specifications and detail and could not serve as the basis for vacatur (*see Lopez v Trucking & Stratford,* 299 AD2d 187 [2002]).

There is no merit to the defendant's jurisdictional defense

argument based upon lack of proper service. Defense counsel expressly waived its right to challenge service on two occasions when it executed stipulations extending defendant's time to answer. Such a waiver is clearly enforceable (*see D'Angelo v Picciallo,* 262 AD2d 443 [1999]; *Morrison v Budget Rent A Car Sys.,* 230 AD2d 253 [1997]). The process server's affidavit constituted prima facie evidence of proper service on the defendant's general agent, and the defendant failed to rebut the presumption that it personally received notice of the summons in time to defend (*see* CPLR 317; *Nicolosi v Sleuth Sec. Sys.,* 247 AD2d 521 [1998]).

The defendant's motion of June 14, 2004, denominated as one to vacate its default, was not based on new facts which were unavailable at the time of the original cross motion and simply repeated the arguments presented on the cross motion. Thus, the cross motion was, in effect, a motion for leave to reargue, the denial of which is not appealable (*see Kahlke v Buscemi,* 12 AD3d 488 [2004]; *Glibbery v Cosenza & Assoc., supra*). Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.