[895 NYS2d 759]

# A.B. Medical Services, PLLC, as Assignee of Frantz Beauliere, Appellant, v Travelers Indemnity Company, Respondent.

Supreme Court, Appellate Term, Second Department, December 9, 2009

APPEARANCES OF COUNSEL

*Amos Weinberg*, Great Neck, for appellant. *Law Office of Karen C. Dodson*, Melville (*Vincent L. Pirro* of counsel), for respondent.

OPINION OF THE COURT

MEMORANDUM.

Ordered that, on the court's own motion, the notice of appeal from so much of the order entered May 21, 2008 as, sua sponte, stayed the action is treated as an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* UDCA 1702 [c]); and it is further,

Ordered that the order entered May 21, 2008, insofar as appealed from, is reversed without costs, the provisions thereof which denied without prejudice plaintiff's motion for summary judgment and, sua sponte, stayed the action are stricken, and the matter is remitted to the District Court for a determination on the merits of plaintiff's motion for summary judgment; and it is further,

Ordered that the appeal from the order entered November 26, 2008 is dismissed.

In this action by a provider to recover assigned first-party no-fault benefits for services rendered to plaintiff's assignor in 2003 and 2004, plaintiff moved for summary judgment. Defendant cross-moved for dismissal of the action pursuant to CPLR 3211 or, in the alternative, for relief pursuant to CPLR 3124 and 3126. In support of its application for dismissal, defendant claimed, among other things, that plaintiff was ineligible to maintain the instant action as a result of the suspension of the medical license of its sole owner, Dr. Alexander Braver, in early 2007. By order entered May 21, 2008, the District Court denied plaintiff's motion without prejudice and, sua sponte, stayed the action pursuant to CPLR 2201 "to allow for the filing of articles of dissolution and the appointment of a representative to wind up the affairs of the entity." The stay was for a period not to exceed six months "or until such time as an order from a court

of competent jurisdiction appoints a proper party to file articles of dissolution and to wind up the affairs of the entity." The branches of defendant's cross motion seeking to dismiss the action or for preclusion were denied, and the branch of defendant's cross motion seeking to compel discovery was likewise denied "in light of the decision rendered." Shortly thereafter, plaintiff moved for "renewal of the prior motion of the plaintiff" and for "reargument of the . . . order," annexing a copy of plaintiff's articles of dissolution, which were filed on June 3, 2008. By order entered November 26, 2008, the District Court denied the motion, finding that the filing of the articles of dissolution had no legal effect since Dr. Braver's authority to act on plaintiff's behalf had expired six months following his suspension, and plaintiff had not sought judicial dissolution pursuant to Limited Liability Company Law § 702.

We note that so much of the order entered May 21, 2008 as, sua sponte, stayed the action is not appealable as of right (see UDCA 1702 [a] [2]). This court, however, on its own motion, in the interest of judicial economy, deems the notice of appeal from so much of the order as, sua sponte, stayed the action to be an application for leave to appeal from that portion of the order, and grants such leave (see UDCA 1702 [c]; see also Berger v Liberty Mut. Ins. Co., 10 Misc 3d 139[A], 2005 NY Slip Op 52204[U] [App Term, 9th & 10th Jud Dists 2005]).

The question we are presented with is whether the instant action may be maintained where the sole member of plaintiff professional service limited liability company has been legally disqualified from rendering professional services, thereby dissolving said company. As article XII of the Limited Liability Company Law, governing professional service limited liability companies, does not specifically address how a single-member professional service limited liability company, dissolved due to the disqualification of its sole member, may wind up its affairs, we interpret such article and, as applicable, article VII of the Limited Liability Company Law (see Limited Liability Company Law § 1213) as follows.

Plaintiff, as a "professional service limited liability company" (Limited Liability Company Law § 1201 [f]), could render professional services only through individuals authorized by law to render such professional services (Limited Liability Company Law § 1204 [a]). Here, plaintiff's sole member was Dr. Braver. Once his medical license was suspended, he became legally disqualified from practicing medicine within the state and was dis-

qualified from continuing as a member of plaintiff (*see* Limited Liability Company Law § 1209). Dissolution occurred on the effective date of the suspension of Dr. Braver's medical license since, at that point, there were no remaining members of the professional service limited liability company (*see* Limited Liability Company Law § 701 [a] [4] [a "limited liability company is dissolved and its affairs shall be wound up . . . at any time there are no members"]). We note that although articles of dissolution have now been filed, there is no statutory requirement that articles of dissolution be filed before commencement of the winding up process.

After dissolution, the affairs of the limited liability company are to be wound up (*see* Limited Liability Company Law § 703 [a]). Where a professional service limited liability company has other members remaining in the company, and continues to render professional services, a disqualified member must "sever all employment with and financial interests" in such company (Limited Liability Company Law § 1209). However, where, as here, the disqualified member was the sole member of such company, he may wind up the professional service limited liability company's affairs by, among other things, prosecuting and/or defending an action on behalf of the professional service limited liability company (Limited Liability Company Law § 703 [b] ["the persons winding up the limited liability company's affairs may, in the name of and for and on behalf of the limited liability company . . . prosecute and defend suits, whether civil, criminal or administrative, settle and close the limited liability company's business"]). Since the instant action could still be maintained in plaintiff's name despite its dissolution, a stay of the proceedings, pursuant to CPLR 2201, was not warranted, and we strike such provision.

Accordingly, in view of the fact that the District Court, in its order entered May 21, 2008, did not reach the merits of plaintiff's motion for summary judgment, the matter must be remitted to the District Court for a determination on the merits of said motion.

To the extent that plaintiff appeals from so much of the order entered November 26, 2008 as implicitly denied the branch of its motion seeking leave to reargue, the appeal is dismissed, since the denial of such a motion is not appealable (*see Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484 [2006]; *Kahlke v Buscemi*, 12 AD3d 488 [2004]). To the extent that plaintiff appeals from so much of the order as denied the branch of its mo-

tion seeking leave to renew, the appeal is dismissed as moot in light of the foregoing.

In remitting the matter for disposition of plaintiff's motion for summary judgment, we note that the branch of defendant's cross motion seeking to compel discovery was similarly denied based upon the District Court's determination of plaintiff's lack of capacity to maintain the action and that the District Court did not reach the merits of that branch of defendant's cross motion.

TANENBAUM, J.P., MOLIA and IANNACCI, JJ., concur.