*42 OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
This action by providers to recover assigned first-party no-fault benefits was “marked off’ the trial calendar on September 25, 2009. On May 26, 2010, plaintiffs moved to restore the action to the trial calendar pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 (c). In a supporting affirmation, plaintiffs’ counsel stated that plaintiffs were “prepared to proceed to trial, and ... to present proof . . . that payment of no-fault benefits [was] overdue.” In opposition, defense counsel argued that prosecution of the claims of plaintiff Painless Medical, PC. could not be pursued because Dr. Ronald Collins, the sole shareholder, officer and director of Painless Medical, PC., had passed away on September 15, 2008, and Anna Val, Esq., who had been appointed as the administrator of the estate of Dr. Collins on September 9, 2009, had no authority over Painless Medical, EC. Defendant argued, among other things, that Ms. Val lacked the capacity to administer or become a shareholder of Painless Medical, PC. because she did not possess a license to practice medicine, which is a requirement of Business Corporation Law §§ 1507 and 1508, and, therefore, she was not entitled to pursue pending litigation or collect settlements and judgments involving this provider.
“[A] corporation can act only through its officers and agents” (14A NY Jur 2d, Business Relationships § 627; see also 14A NY Jur 2d, Business Relationships § 614). Upon Dr. Collins’ death, Painless Medical, EC. continued to exist (see Business Corporation Law § 1510), but was powerless to continue prosecuting its claims in this action until there was someone with authority who could authorize proceeding with this litigation (see Ocean Diagnostic Imaging, P.C. v Merchants Mut. Ins. Co., 15 Misc 3d 9 [App Term, 2d & 11th Jud Dists 2007]). After her appointment by the Surrogate’s Court to act as the administrator of Dr. Collins’ estate, Ms. Val had the authority and power to, among other things, recover property belonging to Dr. Collins’ estate, prosecute an action to recover assets belonging to the estate, and settle claims for money owed to the estate (see e.g. 38 NY Jur 2d, Decedents’ Estates §§ 1442, 1513, 1521, 1532). It was not necessary that she be a member of the profession in which the professional corporation is authorized to practice, because Ms. Val was not acting in a professional capacity, i.e., as a direc *43 tor or officer of the professional corporation, but rather as an administrator, whose role is to preserve the value of, and prevent loss to, the estate.
The motion to restore was made within one year after the action had been “marked off” the trial calendar, and counsel’s supporting affirmation satisfactorily explained the reason that the action was “marked off” and showed a readiness to proceed to trial (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.14 [c]). Accordingly, the order is affirmed.
Weston, J.P., Pesce and Rios, JJ., concur.