BR Clinton Chiropractic, P.C. v GEICO Ins. Co. (2020 NY Slip Op 20291)

BR Clinton Chiropractic, P.C. v GEICO Ins. Co.

2020 NY Slip Op 20291 [70 Misc 3d 26]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 10, 2021

[*1]

BR Clinton Chiropractic, P.C., as Assignee of Sheila Carter, Appellant,
v
GEICO Ins. Co., Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, October 30, 2020

APPEARANCES OF COUNSEL

Gary Tsirelman, P.C. (Selina Chin and David M. Gottlieb of counsel) for appellant.
Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel) for respondent.

{**70 Misc 3d at 27} OPINION OF THE COURT

Memorandum.

Ordered that the order is reversed, with $30 costs, and defendant's motion for, in effect, summary judgment dismissing the complaint is denied.
In this action by a corporate provider to recover assigned first-party no-fault benefits for services rendered to plaintiff's assignor in 2009, defendant moved for, in effect, summary judgment dismissing the complaint. Defendant argued that plaintiff professional corporation could not enforce its claims because its sole shareholder had been legally disqualified from rendering professional services upon the revocation of his chiropractic license on June 28, 2010. The Civil Court granted defendant's motion.
Initially, it is noted that defendant's motion to dismiss the complaint pursuant to CPLR 3211 was made after issue had been joined. Generally, such a motion must be made "before service of the responsive pleading is required" (CPLR 3211 [e]), although "[w]hether or not issue [*2]has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment" (CPLR 3211 [c]). While it is uncontested that the Civil Court did not notify the parties that it was treating the motion as one for summary judgment, an exception to the notice requirement is applicable here, as defendant's motion exclusively involved "a purely legal question rather than any issues of fact" (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). All the relevant facts are undisputed. Consequently, as the sole issue was the application of the Business Corporation Law, it was proper for the Civil Court to, in effect, treat defendant's motion to dismiss as one for summary judgment "without first giving notice of its intention to do so" (Four Seasons Hotels, 127 AD2d at 320).
Pursuant to Business Corporation Law §§ 1509 and 1510, when professionals lose their license, they are required to sever{**70 Misc 3d at 28} their ties with the professional service corporation. If the professional does not sever those ties, section 1509 grants the professional service corporation the authority to force the professional to do so, and failure to enforce this requirement constitutes a ground for forfeiture of the professional service corporation's certificate of incorporation and its dissolution. Section 1510, among other things, directs the professional service corporation to repurchase the professional's shares within six months of his disqualification. None of these requirements is self-executing.
Here, the professional has not complied with section 1509 and the professional service corporation has not repurchased his shares pursuant to section 1510, so the professional remains the corporation's sole shareholder. No one has moved for forfeiture of plaintiff's certificate of incorporation or its dissolution. Despite revocation of its shareholder's professional license, plaintiff continued to exist and is entitled to wind up its affairs and seek to recover no-fault benefits for the services it rendered to its assignor prior to June 28, 2010 (see A.B. Med. Servs., PLLC v National Grange Mut. Ins. Co., 34 Misc 3d 145[A], 2012 NY Slip Op 50154[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Kipor Medicine, P.C. v GEICO, 28 Misc 3d 129[A], 2010 NY Slip Op 51247[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see e.g. A.B. Med. Servs., PLLC v Travelers Indem. Co., 26 Misc 3d 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
The case of Ocean Diagnostic Imaging, P.C. v Merchants Mut. Ins. Co. (15 Misc 3d 9 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]) is distinguishable. In that case, the death of the doctor who was the sole officer, director and shareholder of a professional service corporation required the dismissal of its appeal because no one remained with authority to prosecute the action. Here, however, the sole shareholder is alive and continues to have authority to act for the professional corporation as "an administrator, whose role is to preserve the value of, and prevent loss to, the [professional service corporation]" (Eastern Star Acupuncture, P.C. v Allstate Ins. Co., 36 Misc 3d 41, 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), rather than as a member of the profession from which he has been barred.
[*3]
Section 1510 directs plaintiff to take actions that it concededly failed to do. It does not hold, however, that such a violation makes otherwise valid contracts unenforceable or that the{**70 Misc 3d at 29} corporation's debtor should be entitled to withhold payment for services legally rendered. Consequently, there is no bar to plaintiff's pursuit of reimbursement for services rendered to its assignor.
Accordingly, the order is reversed and defendant's motion for, in effect, summary judgment dismissing the complaint is denied.
Aliotta, P.J., Siegal and Toussaint, JJ., concur.