■ HIRSHON ASSOCIATES, LLC, Respondent, v SUFFOLK DONUT CORP. et al., Appellants. [819 NYS2d 476]—

In an action to recover a real estate brokerage commission, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 28, 2004, as denied that branch of their motion which was to vacate a judgment of the same court entered March 12, 2004, upon their default in answering or appearing, which was in favor of the plaintiff and against them in the principal sum of $60,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to vacate the judgment entered March 12, 2004, is granted, and the judgment is vacated.

The defendant Craig Winkler was entitled to vacatur of the default judgment as against him because he was not properly served with process in this action (*see* CPLR 308). Further, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to vacate the March 12, 2004, judgment as against the defendant Suffolk Donut Corp. (hereinafter SDC), because SDC demonstrated a reasonable excuse for its brief delay in answering and demonstrated the existence of an arguably meritorious defense based on the prospective purchaser's inability to purchase the property on SDC's terms (*see* CPLR 5015 [a] [1]; *cf. Rusciano Realty Servs. v Griffler,* 62 NY2d 696, 697 [1984]; *O'Connor Realty Servs. v Higgins,* 149 AD2d 492 [1989]). Moreover, we note that, well before the order appealed from was issued, the

plaintiff's counsel expressly consented to the defendants' request to open their default, and accepted service of their answer. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.