■ In the Matter of SALON IGNAZIA, INC. ANDREA DeROSA, Respondent; FRANCA BRANCATO, Appellant. [826 NYS2d 129]—

In a proceeding pursuant to Business Corporation Law § 1104 for judicial dissolution of a corporation, Franca Brancato appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 17, 2006, which denied her motion to vacate an order of the same court entered September 30, 2005, granting the petitioner's motion to preclude, upon her default in opposing the motion, and for leave to serve an amended answer with counterclaims.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is

granted, the order entered September 30, 2005 is vacated, the motion to preclude is denied, and the amended answer with counterclaims is deemed served.

Following the commencement of this dissolution proceeding against the appellant by her business associate, and the disqualification of the appellant's counsel, the appellant served a pro se answer to the petition. The appellant thereafter failed to attend a deposition and a preliminary conference, and she further failed to oppose a motion to preclude her from offering any testimony at trial. The court granted the motion upon her defaults. The appellant subsequently retained new counsel and moved to vacate the order of preclusion and for leave to serve an amended answer with counterclaims. The Supreme Court denied the motion. We reverse.

The affidavit submitted by the appellant in support of her motion to vacate established that her defaults were not willful, but were inadvertent in nature and arose from her lack of legal representation, her miscommunication with her former counsel, her protracted search for new counsel, her financial difficulties, and her misunderstanding of the proceedings. These circumstances were sufficient to establish a reasonable excuse for the defaults. Furthermore, the appellant's submissions set forth specific factual averments which constituted arguably meritorious defenses and/or counterclaims. Given all of these circumstances, and in view of the policy favoring the resolution of cases on their merits (*see Sisca v City of Yonkers, N.Y.*, 24 AD3d 531 [2005]; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]), the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was to vacate the order entered upon the appellant's default (*see generally Hirshon Assoc., LLC v Suffolk Donut Corp.*, 32 AD3d 457 [2006]; *Berry v Aquila Realty Co.*, 6 AD3d 563 [2004]; *Almonte v Latortue*, 293 AD2d 431 [2002]).

Moreover, since "[p]ermission to amend pleadings should be 'freely given' (CPLR 3025, subd [b])" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]), and the proposed amended pleading was neither palpably insufficient nor patently devoid of merit, and would not prejudice or surprise the opposing party (*see e.g. Emilio v Robison Oil Corp.*, 28 AD3d 417 [2006]; *Ortega v Bisogno & Meyerson*, 2 AD3d 607 [2003]), the Supreme Court also should have granted that branch of the appellant's motion which was for leave to serve the amended answer with counterclaims. Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.