■ Li Gang Ma, Respondent, v Hong Guang Hu, Appellant. [863 NYS2d 231]—

In an action, inter alia, to recover damages for breach of a partnership agreement, the defendant appeals from so much of an order of the Supreme Court, Queens County (Agate, J.), dated September 17, 2007, as denied his motion to vacate a judgment

of the same court entered March 13, 2007, upon his default in appearing and answering the complaint and, in effect, for leave to serve an answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the motion to vacate the judgment entered March 13, 2007, and, in effect, for leave to serve an answer, is granted, and the judgment is vacated; and it is further,

Ordered that the appellant's time to serve an answer is extended until 20 days after service upon him of a copy of this decision and order.

A defendant seeking to vacate a judgment entered upon his or her default in appearing and answering the complaint must demonstrate a reasonable excuse for his or her delay in appearing and answering, and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672 [2008]).

Here, contrary to the plaintiff's contention, the defendant demonstrated a reasonable excuse for his delay in failing to either appear or answer the complaint. It is undisputed that after commencement of the action and service of the summons and complaint, the parties executed a written agreement which provided for the discontinuance of the action. Although the parties disagree as to the translation of the agreement from Chinese to English, and whether the agreement contained various conditions precedent to discontinuance of the action, the defendant's reliance upon the agreement constituted a reasonable excuse for his default. Moreover, the plaintiff did not demonstrate prejudice from the delay in answering, which was not willful, and public policy favors the resolution of cases on their merits (*see Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672 [2008]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522, 523 [2006]). The defendant also demonstrated that he had a potentially meritorious defense (*see* CPLR 2104, 3211 [a] [1]). Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the defendant's motion (*see* CPLR 3012 [d]). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.