■ U.S. Bank, N.A., Appellant, v Dexter Dick et al., Defendants, and Janet Pirrelli et al., Respondents. [889 NYS2d 223]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 10, 2008, as granted those branches of the motion of the defendants Janet Pirrelli and Ronald Pirrelli which were, in effect, pursuant to CPLR 5015 to vacate their default in answering to the extent of conditionally vacating a judgment of foreclosure and sale of the same court dated March 12, 2007, and staying the foreclosure sale, and, in effect, pursuant to CPLR 2004, for leave to serve a late answer to the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 22, 2004 the defendant Dexter Dick mortgaged the property located at 74 Bay View Drive West in Sag Harbor (hereinafter the property) to the defendant WMC Mortgage Corp. (hereinafter WMC) in exchange for a loan of $500,000. Subsequently, the mortgage was purchased by the plaintiff U.S. Bank, N.A., as trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-WMCI, Mortgage Pass-Through Certificates (hereinafter the appellant). On February 15, 2006 the appellant commenced a foreclosure action against Dick, Mortgage Electronic Registration Systems, Inc., as nominee for WMC, and "John Doe #1 through John Doe #10," representing any parties unknown to the plaintiff who might claim an interest in the property.

In April 2006 the defendants Janet Pirrelli and Ron Pirrelli (hereinafter together the respondents), the purported owners of the property, served a notice of appearance by their attorney, who stated in an accompanying letter that he had reviewed the complaint, although the respondents failed to serve an answer. Enclosed with the notice of appearance were copies of a notice of pendency filed against the property by the respondents on December 21, 2005, along with a summons and complaint filed the same day, by which the respondents commenced an action, inter alia, to set aside the deed purporting to convey the property from them to Dick. In that complaint, the respondents alleged, among other things, that they had been victims of a "scheme to defraud" and had never intended to sell their home.

On March 12, 2007 a judgment of foreclosure and sale was signed in favor of the appellant, upon the respondents' default in answering the complaint, and an auction sale was noticed and advertised for July 12, 2007. On July 9, 2007 the respondents moved, inter alia, in effect, to vacate their default in

answering the complaint in the instant action. The Supreme Court, among other things, granted that branch of the motion which was, in effect, to vacate the default to the extent of vacating the foreclosure judgment on the condition that the respondents serve an answer within 30 days of the order.

The Supreme Court providently exercised its discretion in granting those branches of the respondents' motion which were, in effect, to vacate their default in answering, and for leave to serve an answer. Considering the lack of any prejudice to the appellant, especially in light of the notice of pendency filed against the property of which the appellant was aware or should have been aware before it purchased the mortgage, and considering the appellant's default and late intervention in the respondents' December 2005 action, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the respondents' delay in answering was properly excused (*see* CPLR 2004; *Schonfeld v Blue & White Food Prods. Corp.,* 29 AD3d 673 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.,* 19 AD3d 687 [2005]; *Curran v Graf,* 13 AD3d 409 [2004]).

The appellant's remaining contentions are without merit. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.