■ ROSE SCALA, Appellant, v 4020 JERUSALEM OWNERS, INC., Respondent, et al., Defendants. [898 NYS2d 661]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered July 17, 2009, which granted the motion of the defendant 4020 Jerusalem Owners, Inc., to vacate an order of the same court dated January 29, 2009, granting the plaintiff's unopposed motion for leave to enter a default judgment upon that defendant's failure to appear or answer the complaint, and directed an inquest on damages.

Ordered that the order is affirmed, with costs.

To prevail on a motion to vacate its default, a defendant is required to demonstrate both a reasonable excuse for its default and the existence of a meritorious defense (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]). The decision whether to set aside a default is generally left to the sound discretion of the Supreme Court (*see Hegarty v Ballee*, 18 AD3d 706 [2005]). Here, the respondent submitted the affidavit of its managing agent, who averred that the summons and complaint was served upon an unknown individual at a location where the respondent did not maintain a place of business, and the affidavit of its handyman indicating the existence of a potentially meritorious defense. Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the respondent's motion to vacate its default in answering the complaint. Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.