◼ YAO PING TANG, Respondent, v GRAND ESTATE, LLC, et al., Appellants, et al., Defendant. [910 NYS2d 104]—

In an action to recover damages for personal injuries, the defendants Grand Estate, LLC, and ABC Builders, LLC, appeal from (1) an order of the Supreme Court, Queens County (Markey, J.), entered July 13, 2009, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated May 2, 2009, granting the plaintiff's unopposed motion for leave to enter a judgment against them on the issue of liability upon their default in answering the complaint or appearing in the action, and (2) an order of the same court entered January 8, 2010, which denied their motion for leave to renew and reargue their motion to vacate the order dated May 2, 2009.

Ordered that the appeal from so much of the order entered January 8, 2010, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 13, 2009, is affirmed; and it is further,

Ordered that the order entered January 8, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A defendant seeking to vacate an order entered on its default pursuant to CPLR 5015 (a) (1) "must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense" to the action (*Zanani v Schvimmer*, 75 AD3d 546, 547 [2010]; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Li Gang Ma v Hong Guang Hu*, 54 AD3d 312, 313 [2008]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 672-673 [2008]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522, 523 [2006]). The appellants failed to

establish that, under the terms of a lease between the defendant Grand Estate, LLC, and the defendant Madison Tower Condominium, Inc. (hereinafter Madison), Madison would secure legal representation for the appellants in this action and handle the arrangements for that representation (*see Pisciotta v Lifestyle Designs, Inc.*, 62 AD3d 850, 853 [2009]; *General Elec. Tech. Servs. Co. v Perez*, 156 AD2d 781, 783 [1989]). In any event, the appellants' erroneous assumption that they did not need to appear in the action or answer the complaint did not constitute a valid excuse for their failure to appear in this action or their failure to answer the complaint (*see Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Everything Yogurt v Toscano*, 232 AD2d 604, 606 [1996]; *Moore v Claudio*, 224 AD2d 502, 503 [1996]; *Awad v Severino*, 122 AD2d 242 [1986]). In addition, the appellants failed to present a potentially meritorious defense to the action (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]).

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew their motion to vacate their default in appearing or answering since the appellants did not provide any excuse for their failure to present the relevant new facts on their original motion (*see* CPLR 2221 [e] [3]; *Matter of Guldal v Inta-Boro Two-Way Assn., Inc.*, 74 AD3d 1198 [2010]; *Samet v Binson*, 67 AD3d 989 [2009]; *Morrison v Rosenberg*, 278 AD2d 392 [2000]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.