■ PARASKEVI DIMITRIADIS et al., Appellants, v VISITING NURSE SERVICE OF NEW YORK, Respondent. [923 NYS2d 691]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated June 18, 2009, which, among other things, granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate a previous order of the same court dated January 27, 2009, granting the plaintiffs' motion pursuant to CPLR 3126 to strike its answer upon its default in complying with discovery.

Ordered that the order is affirmed, with costs.

A motion to vacate a default is addressed to the sound discretion of the Supreme Court (*see Gerdes v Canales*, 74 AD3d 1017 [2010]; *Scala v 4020 Jerusalem Owners, Inc.*, 72 AD3d 926, 927 [2010]; *Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]; *Holt Constr. Corp. v J & R Music World*, 294 AD2d 540 [2002]). To obtain relief from a default pursuant to CPLR 5015 (a) (1), the moving defendant must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (*see Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656 [2d Dept 2011]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d 695, 696 [2011]; *Farrah v Pinos*, 78 AD3d 1115 [2010]; *Francis v Long Is. Coll. Hosp.*, 45 AD3d 529, 530 [2007]). Other factors which the court should consider include whether the default prejudiced the opposing party, whether it was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the strong public

policy of resolving cases on their merits when possible (*see U.S. Bank, N.A. v Dick*, 67 AD3d 900, 902 [2009]; *Klughaupt v Hi-Tower Contrs., Inc.*, 64 AD3d 545, 546 [2009]; *Westchester Med. Ctr. v Hartford Cas. Ins. Co.*, 58 AD3d 832, 832-833 [2009]; *Moore v Day*, 55 AD3d 803, 804 [2008]).

Contrary to the plaintiffs' contentions, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate its default. The defendant established a reasonable excuse for the default, and the affidavit of its expert demonstrated the existence of a potentially meritorious defense. Furthermore, the record does not indicate that the plaintiffs were prejudiced by the default or that the default was willful or part of a pattern of neglect, and the vacatur of the default advances the public policy of resolving actions on their merits (*see e.g. Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]; *Li Gang Ma v Hong Guang Hu*, 54 AD3d 312, 313 [2008]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 673 [2008]; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522, 523 [2006]). Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.