■ TOLL BROTHERS, INC., Respondent, v RICHARD DORSCH, Appellant. [936 NYS2d 576]

"A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (*Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973, 973 [2d Dept 2011]; *see Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628 [2010]). "Other factors

which the court should consider include whether the default prejudiced the opposing party, whether it was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the strong public policy of resolving cases on their merits when possible" (*Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d 1150, 1150-1151 [2011]; *see U.S. Bank, N.A. v Dick*, 67 AD3d 900, 902 [2009]; *Moore v Day*, 55 AD3d 803, 804 [2008]).

Here, the defendant established both a reasonable excuse for the default, and the existence of a potentially meritorious defense to the action. Further, there was no showing by the plaintiff that it was prejudiced by the default or that the default was willful, and public policy favors the resolution of cases on their merits (*see Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d at 1151; *Moore v Day*, 55 AD3d at 805; *Li Gang Ma v Hong Guang Hu*, 54 AD3d 312, 313 [2008]; *Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]). Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) to vacate his default.

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.