In an action, inter alia, to recover damages for fraud and conversion and to recover money had and received, the plaintiffs Scott Needleman and Dorit Z. Needleman appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 13, 2012, which (1) granted the motion of the defendant Yossi Alaev (a) to vacate a judgment of the same court entered September 13, 2011, which, upon an order of the same court dated June 28, 2011, granting their motion for summary judgment against the defendant Yossi Alaev on the fifth cause of action upon the default of the defendant Yossi Alaev in appearing, was in favor of them and against the defendant Yossi Alaev in the total sum of $101,732.50, (b), in effect, to vacate the order dated June 28, 2011, and (c) to vacate a restraining order on *708 the bank account of the defendant Yossi Alaev, (2) denied their motion for summary judgment on the fifth cause of action, and (3) denied their cross motion to vacate a temporary restraining order in an order to show cause of the same court dated November 10, 2011, vacating the restraining order on the bank account of the defendant Yossi Alaev pending the determination of his motion to vacate, and restraining them from taking any action to enforce the judgment entered September 13, 2011, against the defendant Yossi Alaev pending the determination of his motion to vacate.
Ordered that the appeal from so much of the order as denied the plaintiffs’ cross motion is dismissed as academic; and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
In moving pursuant to CPLR 5015 (a) (1) to vacate a default in appearing, a party is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the motion (see Walker v Mohammed, 90 AD3d 1034 [2011]; Swensen v MV Transp., Inc., 89 AD3d 924, 925 [2011]). A motion to vacate is addressed to the sound discretion of the court, which should also consider potential prejudice to the opposing party, whether the default was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the public policy of resolving actions on their merits (see Toll Bros., Inc. v Dorsch, 91 AD3d 755, 755-756 [2012]; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1150-1151 [2011]).
Here, the defendant Yossi Alaev demonstrated a reasonable excuse for his default in appearing by submitting a detailed and credible explanation of his attorney’s law office failure (see Kohn v Kohn, 86 AD3d 630 [2011]). Moreover, his evidentiary submissions established a potentially meritorious defense to the motion, and additionally raised triable issues of fact in opposition to the plaintiffs’ underlying motion for summary judgment. Accordingly, the Supreme Court providently exercised its discretion in granting the motion to vacate the default and properly denied the underlying motion by the plaintiffs Scott Needleman and Dorit Z. Needleman for summary judgment on the fifth cause of action.
The appeal from so much of the order as denied the cross motion to vacate the temporary relief granted to Alaev in an order to show cause must be dismissed as academic, since that temporary relief has expired (see Matter of DeCintio v Village of *709 Tuckahoe, 100 AD3d 887 [2012]). Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.