In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated September 6, 2012, which granted the motion of the defendant Karon A. Minott for leave to interpose a late answer and, in effect, to vacate her default in appearing or answering.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion for leave to interpose a late answer and, in effect, to vacate the respondent’s default in appearing or answering is denied.
The plaintiff commenced this foreclosure action in December 2007 against Karon A. Minott, among others. Minott does not dispute that she was served with process and received the summons and complaint in late 2007 or early 2008. The plaintiff also served Minott with an order of reference in 2009. Nevertheless, Minott did not interpose an answer or otherwise appear in the action for more than four years after she was served with the summons and complaint. By order to show cause dated July 5, 2012, Minott moved for leave to interpose a late answer and, in effect, to vacate her default in appearing or answering. The Supreme Court granted the motion, concluding that Minott “ha[d] set forth a reasonable excuse and a potentially meritorious defense to the action.”
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784 [2011]; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677 [2010]; Perfect Care, Inc. v Ultracare Supplies, Inc., 71 AD3d 752, 753 [2010]).
Here, Minott’s claims that she “did not know that [she] needed to submit an answer,” and that she relied on the advice of her real estate broker instead of consulting an attorney, do not constitute a reasonable excuse for her default (see U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1168 [2010]; Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 823 [2010]; Dorrer v Berry, 37 AD3d 519, 520 [2007]). This is especially so in view of the fact that the summons which was served upon Minott contained *635 the specific language mandated by RPAPL 1320 warning her that she should “[s]peak to an attorney or go to the court,” and that she “must respond by serving a copy of the answer” or risk the loss of her home (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647 [2014] [decided herewith]). Moreover, although Minott alleges that she responded to the court notices to attend foreclosure settlement conferences in 2012, this does not excuse her preceding multi-year failure to answer the complaint. In addition, she has not demonstrated that the invocation of a court’s inherent power to vacate a judgment in the interest of substantial justice is warranted in this case (see Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003]; Katz v Marra, 74 AD3d 888 [2010]).
In view of our conclusion herein, it is unnecessary to reach the plaintiffs remaining contentions.
Eng, RJ., Balkin, Sgroi and Cohen, JJ., concur.