In an action, inter alia, to permanently enjoin the defendants from interfering with the plaintiffs’ management and control of certain real property, the defendants Schiff 774 Driggs Corp. and Homer Homes, Inc., appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Kings County (Graham, J.), dated May 25, 2012, as granted that branch of the plaintiffs’ motion which was pursuant to CPLR 3215 for leave to enter a judgment against them upon their failure to answer the complaint, and denied their cross motion, inter alia, for leave to file a late answer.
*661 Ordered that the amended order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs’ motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the appellants and in denying the appellants’ cross motion, inter alia, for leave to file a late answer. The appellants failed to show a reasonable excuse for their failure to answer the complaint or for their failure to seek leave to file a late answer for more than a year after service was effectuated (see Sussman v Jo-Sta Realty Corp., 99 AD3d 787 [2012]; Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822 [2010]; CPLR 3012 [c], [d]).
In any event, the appellants failed to show the existence of a potentially meritorious defense. Their contention that a deed in lieu of foreclosure recorded by the plaintiffs should be vacated is precluded by an order of the Supreme Court, Kings County (Schneier, J.), dated October 29, 2010, entered in the original foreclosure action, which denied their motion, inter alia, to vacate the deed in lieu of foreclosure and restore title to the appellant Schiff 774 Driggs Corp. (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825 [1990]).
Dillon, J.P, Leventhal, Hall and Cohen, JJ., concur.