■ ROMAN A. GOMEZ, Appellant, v KATHLEEN GOMEZ-TRIMARCHI, Respondent. [27 NYS3d 229]—

In an action to impose a constructive trust upon certain proceeds from the sale of certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 7, 2015, which, inter alia, denied his motion pursuant to CPLR 3215 for leave to enter a default

judgment against the defendant upon her failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action seeking to impose a constructive trust upon one third of the net proceeds from the sale of certain real property (hereinafter the premises) formerly owned by the parties' mother. On May 25, 2010, the parties' mother had transferred title to the premises to the defendant. The parties' mother passed away on October 4, 2011. Approximately two years after the mother's death, the defendant sold the premises.

Approximately five months after service of the summons and complaint upon the defendant, the plaintiff moved for leave to enter a default judgment. In her opposition to the plaintiff's motion, the defendant annexed a proposed answer. The Supreme Court denied the plaintiff's motion and deemed the defendant's proposed answer served and filed. The plaintiff appeals.

"To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its delay and the existence of a potentially meritorious defense" (*Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *see Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]; *HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]; *May v Hartsdale Manor Owners Corp.*, 73 AD3d 713 [2010]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Needleman v Tornheim*, 106 AD3d 707, 707 [2013]; *Toll Bros., Inc. v Dorsch*, 91 AD3d 755, 756 [2012]; *Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d 1150, 1150 [2011]).

Here, the Supreme Court did not improvidently exercise its discretion in determining that the defendant's excuse for the delay in answering was reasonable, especially since there was no prejudice or willfulness, and in light of the public policy in favor of resolving cases on the merits (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60-61 [2013]; *Gerdes v Canales*, 74 AD3d 1017, 1018 [2010]). Moreover, contrary to the plaintiff's contention, the defendant met her burden of demonstrating the existence of a potentially meritorious defense (*see Fried v Jacob*

*Holding, Inc.*, 110 AD3d at 60-61; *Blake v United States of Am.*, 109 AD3d 504, 505 [2013]). Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against the defendant. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.