In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated March 5, 2015, as granted that branch of the motion of the defendant which was pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated October 22, 2014, in favor of the plaintiff and against the defendant in the total sum of $280,885.20, entered upon the defendant’s failure to appear in the action.
Ordered that the order is reversed insofar as appealed from, *1100 on the facts and in the exercise of discretion, with costs, and that branch of the defendant’s motion which was pursuant to CPLR 5015 (a) (1) to vacate the judgment dated October 22, 2014, in favor of the plaintiff and against the defendant in the total sum of $280,885.20, entered upon the defendant’s failure to appear in the action, is denied.
A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for its delay in appearing and a potentially meritorious defense to the action (see Toll Bros., Inc. v Dorsch, 91 AD3d 755 [2012]; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150 [2011]; Katz v Marra, 74 AD3d 888, 890 [2010]). Although there exists a strong public policy which favors the disposition of matters on their merits (see Gerdes v Canales, 74 AD3d 1017 [2010]; Bunch v Dollar Budget, Inc., 12 AD3d 391 [2004]), the decision as to whether or not to set aside a default is generally left to the sound discretion of the trial court (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1168 [2010]; Hegarty v Ballee, 18 AD3d 706 [2005]). The court “should also consider potential prejudice to the opposing party, whether the default was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the public policy of resolving actions on their merits” (Needleman v Tornheim, 106 AD3d 707, 708 [2013]; see Toll Bros., Inc. v Dorsch, 91 AD3d at 755-756).
Here, the defendant’s proffered excuse that its default in appearing was due to the plaintiff’s failure to serve a complaint after a demand was made by the defendant’s insurance carrier was unsubstantiated, conclusory, and inadequately explained, and, therefore, did not constitute a reasonable excuse for the default (see Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 814 [2015]). Moreover, the record demonstrates a pattern of willful default and neglect by this defendant over a period of almost two years, during which it was served with numerous legal notices relating to the action which were ignored. Under the circumstances the Supreme Court improvidently exercised its discretion in excusing the defendant’s default and in vacating the judgment entered upon its default (see Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]).
In view of the lack of a reasonable excuse, it was unnecessary for the Supreme Court to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791 [2012]; Centennial El. Indus., Inc. v Ninety-Five Madison Corp., 90 AD3d 689, 690 [2011]; O’Donnell v Franga *1101 kis, 76 AD3d 999, 1000 [2010]).
Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.