■ ARYN WEXLER, Appellant, v KINDER STUFF 2010, LLC, et al., Defendants, and MARK TRESS, Respondent. [57 NYS3d 187]—

In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated December 1, 2015, as, in effect, granted that branch of the motion of the defendant Mark Tress which was pursuant to CPLR 5015 (a) to vacate so much of a default judgment of the same court dated June 26, 2013, as was in favor of the plaintiff and against that defendant in the total sum of $400,267.36.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Mark Tress which was pursuant to CPLR 5015 (a) to vacate so much of the default judgment dated June 26, 2013, as was in favor of the plaintiff

and against the defendant Mark Tress in the total sum of $400,267.36, is denied.

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (*see Skutelsky v JN Natural Fruit Corp.*, 138 AD3d 1099, 1100 [2016]; *Toll Bros., Inc. v Dorsch*, 91 AD3d 755 [2012]; *Dimitriadis v Visiting Nurse Serv. of N.Y.*, 84 AD3d 1150 [2011]; *Katz v Marra*, 74 AD3d 888, 890 [2010]). Although there exists a strong public policy which favors the disposition of matters on their merits (*see Gerdes v Canales*, 74 AD3d 1017 [2010]; *Bunch v Dollar Budget, Inc.*, 12 AD3d 391 [2004]), the decision as to whether to set aside a default is generally left to the sound discretion of the trial court (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1168 [2010]; *Hegarty v Ballee*, 18 AD3d 706 [2005]). The court "should also consider potential prejudice to the opposing party, whether the default was willful or evinced an intent to abandon the litigation, and whether vacating the default would serve the public policy of resolving actions on their merits" (*Needleman v Tornheim*, 106 AD3d 707, 708 [2013]; *see Toll Bros., Inc. v Dorsch*, 91 AD3d at 755-756).

Here, the defendant Mark Tress failed to establish a reasonable excuse for his default (*see Skutelsky v JN Natural Fruit Corp.*, 138 AD3d at 1100; *Wells Fargo Bank, N.A. v Krauss*, 128 AD3d 813, 814 [2015]). Moreover, the record demonstrates a pattern of willful default and neglect by Tress over a two-year period, during which he was served with numerous legal notices related to the action that he ignored (*see Skutelsky v JN Natural Fruit Corp.*, 138 AD3d at 1100; *Wells Fargo Bank, N.A. v Krauss*, 128 AD3d at 814; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]).

In view of the lack of a reasonable excuse, it was unnecessary for the Supreme Court to consider whether Tress sufficiently demonstrated the existence of a potentially meritorious defense (*see Trepel v Greenman-Pedersen, Inc.*, 99 AD3d 789, 792 [2012]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]).

Tress also failed to establish his entitlement to relief under any other provision of CPLR 5015 (a).

Accordingly the Supreme Court improvidently exercised its discretion in excusing Tress's default and, in effect, granting that branch of Tress's motion which was to vacate so much of the judgment entered upon his default as is against him (*see Skutelsky v JN Natural Fruit Corp.*, 138 AD3d at 1100; *Rous-*

*sodimou v Zafiriadis*, 238 AD2d at 569). Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.