Rosario v Naranjo (2018 NY Slip Op 06780)





Rosario v Naranjo


2018 NY Slip Op 06780


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-01951
 (Index No. 702804/16)

[*1]Eddy Rosario, et al., appellants, 
v
Frank Naranjo, respondent.


C. Steve Okenawa, P.C., New York, NY, for appellants.
Jon V. Farensbach, New York, NY, for respondent.



DECISION & ORDER
In an action to impose a constructive trust upon real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered February 22, 2017. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 17, 2016, granting the plaintiffs' motion for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
In March 2016, the plaintiffs commenced this action to impose a constructive trust upon certain real property located in Woodhaven. On or about May 26, 2016, the defendant attempted to serve his answer after the time to answer had expired, and the plaintiffs rejected the answer as untimely. Thereafter, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant based upon his failure to timely appear or answer the complaint, and the defendant opposed the motion. In an order dated October 17, 2016, the Supreme Court granted the plaintiffs' motion. Approximately one week later, on or about October 25, 2016, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the order dated October 17, 2016. In the order appealed from, the Supreme Court granted the defendant's motion.
A defendant seeking to vacate a default in appearing or answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141; Goldfarb v Zhukov, 145 AD3d 757, 758; Li Fen Li v Cannon Co., Inc., 155 AD3d 858, 859). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Gomez v Gomez-Trimarchi, 137 AD3d 972, 973).
The Supreme Court providently exercised its discretion in determining that the defendant's excuse for his delay in answering was reasonable, particularly considering the lack of prejudice to the plaintiffs by the short delay in the service of the answer, the lack of willfulness on the part of the defendants, and in light of the public policy in favor of resolving cases on the merits [*2](see Gomez v Gomez-Trimarchi, 137 AD3d at 973-974; Matter of Salon Ignazia, Inc., 34 AD3d 821, 822; cf. O'Donnell v Frangakis, 76 AD3d 999, 1000; Matter of Nieto, 70 AD3d 831, 832). Furthermore, the defendant established that he possessed a potentially meritorious defense to the action. Accordingly, we agree with the court's determination to grant the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order dated October 17, 2016.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court