Kaung Hea Lee v 354 Mgt., Inc. (2018 NY Slip Op 07712)





Kaung Hea Lee v 354 Mgt., Inc.


2018 NY Slip Op 07712


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04183
 (Index No. 7583/14)

[*1]Kaung Hea Lee, et al., appellants, 
v
354 Management, Inc., respondent, et al., defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York, NY (Stuart Bernstein and Kara Suddock of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated February 25, 2016. The order, insofar as appealed from, granted the cross motion of the defendant 354 Management, Inc., to vacate an order of the same court dated March 5, 2015, granting the plaintiffs' motion for leave to enter a default judgment against that defendant on the issue of liability.
ORDERED that the order dated February 25, 2016, is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant 354 Management, Inc., is denied.
In this action to recover damages for personal injuries, the plaintiffs served the summons and complaint on the defendant corporation 354 Management, Inc. (hereinafter the defendant), via the secretary of state, on May 23, 2014, and by mail on July 8, 2014. After the defendant failed to appear or answer the complaint, in November 2014, the plaintiffs moved for leave to enter a default judgment against the defendant on the issue of liability. In opposition, the defendant submitted an affidavit dated February 27, 2015, from a senior liability claim adjuster with its insurer. In the affidavit, the claim adjuster stated that she did not assign an attorney to answer the complaint because the codefendant, NY Hamit Hair Salon, Inc. (hereinafter NY Hamit), was contractually obligated to defend and indemnify the defendant, and she had been attempting to have either NY Hamit or its insurer provide an attorney. The claim adjuster further averred that she never received the summons and complaint. However, in a letter to NY Hamit dated July 23, 2014, also submitted by the defendant, the claim adjuster stated that she had received "a summons and complaint filed in the Supreme Court of New York, Kings County, under Index number 7583/2014, concerning [this] matter." Accordingly, the claim adjuster knew of the action at least as early as July 23, 2014.
The Supreme Court, in an order dated March 5, 2015, granted the plaintiffs' motion for leave to enter a default judgment against the defendant on the issue of liability. The plaintiffs then moved for an inquest on the issue of damages, and the defendant cross-moved to vacate its default, relying on the same evidence that it had submitted in opposition to the plaintiffs' motion for leave to enter a default judgment. In an order dated February 25, 2016, the Supreme Court, inter alia, granted the defendant's cross motion to vacate the order dated March 5, 2015. The plaintiffs appeal.
To vacate an order on the ground of excusable default pursuant to CPLR 5015(a)(1), a defendant is required to demonstrate both a reasonable excuse for its default and the existence of a potentially meritorious defense to the action (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141; Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 822-823). Here, the defendant's insurance carrier knowingly permitted the default to occur while it negotiated with another party as to who had the duty to defend. This did not constitute a reasonable excuse for failing to answer the complaint (see Majestic Clothing Inc. v East Coast Stor., LLC, 18 AD3d 516, 518; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356; cf. Fried v Jacob Holding, Inc., 110 AD3d 56, 60-61). Accordingly, the Supreme Court should have denied the defendant's cross motion.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court