U.S. Bank N.A. v Crawford (2019 NY Slip Op 05712)





U.S. Bank N.A. v Crawford


2019 NY Slip Op 05712


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-00907
 (Index No. 26213/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Reyon Crawford, respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Christian Fletcher, and Leah Edmunds of counsel), for appellant.
Lee M. Nigen, Lake Success, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 14, 2017. The order, insofar as appealed from, granted the motion of the defendant Reyon Crawford, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the motion of the defendant Reyon Crawford is denied.
On October 28, 2005, Reyon Crawford and Donovan Thompson obtained a loan in the amount of $496,000, secured by a note and mortgage on certain real property. Crawford and Thompson allegedly defaulted under the terms of the note and mortgage by failing to make the payments due on May 1, 2008, and thereafter. In September 2008, the plaintiff commenced this action to foreclose the mortgage against Crawford and others. Crawford failed to answer the complaint. In an order dated August 30, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for a default judgment and an order of reference.
Subsequently, in a sua sponte order dated September 19, 2013, the Supreme Court directed dismissal of the complaint as abandoned, on the ground that the plaintiff failed to proceed to entry of judgment within one year of default. The plaintiff subsequently moved to vacate the September 19, 2013, order of dismissal, and the motion was granted by order dated May 16, 2016. The May 16, 2016, order was subsequently served on Crawford at the subject property address.
In February 2017, the plaintiff moved for a judgment of foreclosure and sale. Appearing for the first time in this action, Crawford opposed the plaintiff's motion, and moved, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and pursuant to CPLR 3012(d) for leave to file a late answer. The Supreme Court granted Crawford's motion, and the plaintiff appeals.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR [*2]5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d 962, 964; Wells Fargo Bank, N.A. v Pelosi, 159 AD3d 852).
Here, Crawford does not dispute that he was properly served with the complaint in 2008, but failed to answer. He offers no reasonable excuse for this default. The fact that Crawford was not represented by an attorney until the plaintiff moved for a judgment of foreclosure and sale does not establish a reasonable excuse for default (see Miller v Ateres Shlomo, LLC, 49 AD3d 612), even if Crawford, as a pro se defendant, was unaware of his obligation to serve an answer (see U.S. Bank N.A. v Ahmed, 137 AD3d 1106). Neither law office failure (see LaSalle Bank N.A. v Calle, 153 AD3d 801), nor a pro se defendant's lack of understanding about the legal process is sufficient to constitute a reasonable excuse (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047). Until the plaintiff moved for a judgment of foreclosure and sale, Crawford ignored every legal notice served upon him relating to this action, which demonstrates a pattern of willful default and neglect (see Wexler v Kinder Stuff 2010, LLC, 151 AD3d 909).
As Crawford failed to demonstrate a reasonable excuse for his default in answering the complaint, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (see Bank of Am., N.A. v Agarwal, 150 AD3d 651; Wells Fargo Bank, N.A. v Stewart, 146 AD3d 921; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969).
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court