| |
|---|
| **U.S. Bank Trust N.A. v Fowkes** |
| 2025 NY Slip Op 34093(U) |
| November 6, 2025 |
| Supreme Court, Suffolk County |
| Docket Number: Index No. 621895/2024 |
| Judge: S. Betsy Heckman Torres |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Short Form Order

SUPREME COURT - STATE OF NEW YORK
IAS PART 18 - SUFFOLK COUNTY

*PRESENT:*
**HON. S. BETSY HECKMAN TORRES, J.S.C.**
-----------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF IGLOO SERIES V TRUST,

                  Plaintiff,

       -against-

WILLIAM J. FOWKES III; SOLO GROUP LLC;
FORSWEST CAPITAL, LLC; "JOHN DOE," AND
"JANE DOE" said names being fictitious, it being the
intention of plaintiff to designate any and all occupants
of premises being foreclosed herein,

                  Defendants.
-----------------------------------------------------------------X

INDEX NO.: 621895/2024
MOTION DATE: 08/12/2025
MOT. SEQ. NO.: 002 MD

**PLAINTIFF'S ATTORNEY:**
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

**DEFENDANT'S ATTORNEY:**
Rosenberg & Estis, P.C.
733 3rd Avenue
New York, New York 10017

     Upon the following electronically filed documents listed on NYSCEF as #s 31-37, read on this motion to compel Plaintiff to accept a late answer (#002) by Defendant, after due consideration, it is,

     **ORDERED** that this motion (#002) by defendant WILLIAM J. FOWKES III seeking an order, pursuant to CPLR § 3012(d), compelling plaintiff to accept defendant's verified answer with affirmative defenses and counterclaims filed on May 20, 2025, is denied in its entirety; and it is further

     **ORDERED** that plaintiff is directed to proceed with filing a motion for the appointment of a referee to compute the sums due and owing within 45 days of entry of the within order; and it is further

     **ORDERED** that plaintiff is directed to file a notice of entry within five days of receipt of this Order pursuant to 22 NYCRR § 202.5-b(h)(2).

     This is an action to foreclose a mortgage on a residential property located in East Hampton, New York. On March 3, 2003, defendant borrowed $265,000.00 from plaintiff's predecessor-in-interest and executed a promissory note and a mortgage that was recorded in the Office of the Suffolk County Clerk on March 11, 2003. The loan was thereafter modified three separate times through Loan Modification Agreements executed on April 2, 2014, December 29, 2017, and September 8, 2020. Since January 1, 2024, defendant has not made any payments on the monthly installments due and owing. On April 8, 2024, plaintiff sent defendant a notice of default and 90-day notice pursuant to RPAPL § 1304. Subsequently, plaintiff commenced this

Page 1 of 3

[* 1]

action by filing a Summons and Complaint on September 3, 2024. The defendant appeared at the initial settlement conference held on February 11, 2025, but failed to appear at the continued settlement conference scheduled for April 23, 2025. Approximately one month later, defendant, through counsel, filed an answer with affirmative defenses and counterclaims on May 20, 2025, which the plaintiff rejected as untimely. Thereafter, on May 30, 2025, defendant, through counsel, filed the instant motion (#002) seeking to compel the plaintiff to accept his answer pursuant to CPLR § 3012(d). Plaintiff opposed the motion.

By his instant motion (#002), defendant asks this Court to vacate his default in answering and deem his previously filed answer timely interposed. To vacate a default in answering the complaint and to compel plaintiff to accept service of an untimely answer, a defendant must establish both a reasonable excuse for his failure to answer and the existence of a potentially meritorious defense to the action (see CPLR §§ 3012[d]; *Aurora Loan Services, LLC v Movtady*, 165 AD3d 1025, 1027, 87 NYS3d 114, 116 [2d Dept 2018], citing *Mannino Dev., Inc v Linares*, 117 AD3d 995, 995, 986 NYS2d 578, 579 [2d Dept 2014]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648, 983 NYS2d 32, 32 [2d Dept 2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890, 909 NYS2d 403, 403 [2d Dept 2010]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Court (see *Rosario v Naranjo*, 165 AD3d 860, 861, 84 NYS3d 556, 557 [2d Dept 2018], citing *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-77, 800 NYS2d 613, 614 [2d Dept 2005]; see also *Gomez v Gomez-Trimarchi*, 137 AD3d 972, 973, 27 NYS3d 229, 231 [2d Dept 2016]).

The Court finds that the defendant's submission fails to demonstrate his entitlement for leave to file a late answer. In his affidavit, defendant admits that he "was still cognizant of [his] obligation to defend this lawsuit," yet he did not answer within 30 days of the initial foreclosure settlement conference, he did not appear personally on the continued court date of April 23, 2025, and he did not retain counsel until after that date and after his time and extension of time to answer had expired. Although defendant maintains that he retained counsel within a matter of days of his missed April 23, 2025 appearance, and maintains that counsel filed an answer within a matter of days of being retained, no answer was filed until nearly a month later, on May 20, 2025 – over three months after the initial settlement conference date and over eight months after the filing of the summons and complaint. Defendant's counsel argues that the answer was not exceedingly late and that the granting of the defendant's application does not prejudice the plaintiff.

However, the defendant demonstrates no reasonable excuse for failing to answer timely despite having multiple opportunities to do so. The defendant was initially advised of the requirement to file an answer with the summons, dated September 3, 2024, served in this action, which warned the defendant that he was "IN DANGER OF LOSING" his home and they he "MUST RESPOND BY SERVING A COPY OF THE ANSWER" (see *HSBC Bank USA, Natl. Assn. v Rotimis*, 121 AD3d 855, 856, 995 NYS2d 81, 82 [2d Dept 2014], citing RPAPL § 120, *HSBC Bank USA, Natl. Assn. v Lafazan*, 115 AD3d at 648, 983 NYS2d at 33 [2d Dept 2014], *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634-45, 981 NYS2d 757, 758 [2d Dept 2014]). The defendant further failed to utilize the built in extension of time and an additional opportunity to file an answer "within thirty days of the initial appearance at the settlement conference" held on February 11, 2025, pursuant to CPLR § 3408(1)-(m). Defendant's contentions that his failure

[* 2]

to answer timely was both a result of a misunderstanding and his mother falling ill are insufficient to amount to a reasonable excuse, and it does not address his failure to answer initially, nor his failure to answer within the additional thirty days granted from February 11, 2025, pursuant to CPLR § 3408(1)-(m).

The Court thus determines that the defendant has failed to demonstrate a reasonable excuse (see *U.S. Bank, Natl. Assn. v Smith*, 132 AD3d 848, 19 NYS3d 62 [2d Dept 2015]; *Community W. Bank, N.A. v Stephen*, 127 AD2d 1008, 9 NYS3d 275 [2d Dept 2015]; *HSBC Bank, USA v Dammomi*, 59 AD3d 679, 875 NYS2d 490 [2d Dept 2009]). In as much as the defendant failed to advance a reasonable excuse in support of his application to vacate his default in answering and for leave to extend his time to answer under CPLR § 3012(d), it is unnecessary to address whether the defendant has demonstrated a potentially meritorious defense (see *BAC Home Loans Serv., LP v Readon*, 132 AD3d 790, 18 NYS3d 664 [2d Dept 2015]; *Citimortgage, Inc. v Kowalski*, 130 AD3d 558, 13 NYS3d 468 [2d Dept 2015]; *Emigrant Bank v Wiseman*, 127 AD3d 1013, 6 NYS3d 670 [2d Dept 2015]).

For the foregoing reasons, the motion by the defendant to compel the plaintiff to accept his answer is denied in its entirety. The plaintiff is hereby directed to proceed with filing a motion for the appointment of a referee to compute the sums due and owing within 45 days of entry of the within order. This constitutes the Decision and Order of the Court.

DATED: November 6, 2025

_____
Hon. S. Betsy Heckman Torres, J.S.C.

[* 3]