OPINION OF THE COURT
Memorandum.
Order reversed with $10 costs and defendant Mastrorilli’s motion to vacate a default judgment granted.
In this small claims action sounding in tortious interference with contract, defendant Mastrorilli articulated a reasonable excuse for her failure to appear for trial in this matter and a meritorious defense to the action. The court below improvidently exercised its discretion in designating her second motion to vacate the default as being for renewal pursuant to CPLR 2221 (e) and denying it. Defendant herein was not attempting in her second motion to affect the prior order (see CPLR 2221 [a]), denying her first motion to vacate, which sought, pursuant to CPLR 5015 (a) (4), to vacate the default and dismiss the action on jurisdictional grounds. Rather, defendant presented entirely independent grounds in the nature of excuse and merit pursuant to CPLR 5015 (a) (1), upon the second motion (see generally Ariowitsch v Johnson, 114 AD2d 184 [1986]). While repeated motions, especially in the small claims context, are not to be encouraged, there is no bar to the bringing of successive motions to vacate upon CPLR 5015 grounds (see Britvan v Sutton & Edwards, 226 AD2d 491 [1996]), as long as the same grounds are not relitigated. Clearly, the second motion, the subject of the present appeal, sought no relitigation of the jurisdictional issue raised in the first motion.
Moreover, unlike CPLR 3211 (e), which specifically regulates the number and timing of motions to dismiss on certain grounds, CPLR 5015 contains no such limitation. In the analogous case of repeated motions for summary judgment, pursuant to CPLR 3212 (which also contains no specific limitation on the number of motions), it has been stated that: “While it is true that multiple motions for summary judgment in the same action . . . are looked upon with disfavor, more than one motion is permissible where the subsequent motion is based upon newly discovered evidence or the moving party can demonstrate other *89 sufficient cause for granting the motion” (Inter-Power of N.Y. v Niagara Mohawk Power Corp., 259 AD2d 932, 933 [1999] [emphasis supplied]).
All that is required for the court to grant a motion to vacate a default pursuant to CPLR 5015 (a) (1) is a showing of sufficiently good reason, in the form of excuse and merit, for the court to exercise its discretion to vacate the default. Defendant Mastrorilli stated a meritorious excuse, that her employer was to undertake the defense, particularly as the employer, and not Mastrorilli, was mentioned by name in the statement of the nature of the action (see Steve Marchionda & Assoc. v Maximum Express Delivery, 213 AD2d 1071 [1995]). Counsel promptly sought to vacate the default after it was entered. A meritorious defense has been demonstrated, as plaintiff did not make any showing in the complaint that would be sufficient to hold Mastrorilli personally liable in this matter, which sounds in tortious interference with contract (see Joan Hansen & Co. v Everlast World’s Boxing Headquarters Corp., 296 AD2d 103, 109-110 [2002]). Nor, for that matter, has plaintiff made any showing that there was any “contract” between herself and the local sponsors to be interfered with in the first place (see Glendora v Langelotti, 13 Misc 3d 142[A], 2006 NY Slip Op 52281[U] [App Term, 9th & 10th Jud Dists 2006]; Glendora v Ecock, 14 Misc 3d 129[A], 2006 NY Slip Op 52514[U] [App Term, 9th & 10th Jud Dists 2006] [decided herewith]).
Finally, the “decision on motion” from which the appeal was taken is an appealable paper in all respects save its title. It is in the form of, and has the substance of, an order of the court, including a listing of the papers upon which it was decided, and a statement at the end that it constitutes the order of the court. It is also marked with notice that it has been entered by the clerk of the court.
Rudolph, P.J, McCabe and Lippman, JJ., concur.