Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail on his motion to vacate his default, the defendant John Aronis was required to demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Savino v "ABC Corp.", 44 AD3d 1026 [2007]; SS Constantine & Helen's Romanian Orthodox Church of Am. v Z. Zindel, Inc., 44 AD3d 744 [2007]; White v Incorporated Vil. of Hempstead, 41 AD3d 709, 710 [2007]). The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court, and will not be disturbed if the record supports such determination (see Hodges v Sidial, 48 AD3d 633, 634 [2008]; White v Incorporated Vil. of Hempstead, 41 AD3d at 710). In exercising this discretion the court may accept law office failure as a reasonable excuse (see CPLR 2005; Vasquez v New York City Hous. Auth., 51 AD3d 781 [2008]). Here, the Supreme Court providently exercised its discretion in accepting Aronis's explanation for his default. Furthermore, Aronis demonstrated the existence of a potentially meritorious defense (see Hodges v Sidial, 48 AD3d at 634).

We do not reach the plaintiff's remaining contention, as it is improperly raised for the first time on appeal (see Sarva v Chakravorty, 34 AD3d 438, 439 [2006]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.

■ ABDOLREZA HEIDARI, Respondent, v FIRST ADVANCE FUNDING CORP. et al., Appellants, et al., Defendant. [866 NYS2d 258]—

In an action to impress an equitable mortgage upon real prop-

erty owned by the defendant NY Pride Holdings, Inc., and to recover the proceeds of a loan, the defendants First Advance Funding Corp., NY Pride Holdings, Inc., and Esmaeil Hosseinipour appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated August 21, 2007, as denied their motion to vacate a prior order of the same court dated May 30, 2007 granting the plaintiff's motion for a preliminary injunction upon their default in opposing the motion, to vacate their default in appearing or answering the complaint, and for leave to serve a late answer nunc pro tunc.

Ordered that the order dated August 21, 2007 is affirmed insofar as appealed from, with costs.

In seeking to vacate their default in appearing or answering the complaint, the appellants were required to demonstrate a reasonable excuse for their default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Fekete v Camp Skwere*, 16 AD3d 544 [2005]; *Caputo v Peton*, 13 AD3d 474 [2004]; *Glibbery v Cosenza & Assoc.*, 4 AD3d 393 [2004]). The excuse offered by the appellants' attorney failed to adequately explain the default in serving a timely answer. The alleged error, counsel's neglect to give the summons and complaint to his assistant to open a file, cannot account for the more than three-month delay in serving an answer when counsel had full knowledge of the action (*see Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 553-554 [2001]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]). Furthermore, the appellants failed to demonstrate a meritorious defense to the action. Accordingly, those branches of the appellants' motion which were to vacate their default in appearing or answering and for leave to serve a late answer nunc pro tunc were properly denied.

Moreover, the defendants failed to demonstrate that they had a meritorious opposition to the plaintiff's motion for a preliminary injunction (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Ocean Club v Incorporated Vil. of Atl. Beach*, 6 AD3d 593 [2004]; *Price Paper & Twine Co. v Miller*, 182 AD2d 748 [1992]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was to vacate the order dated May 30, 2007 granting the plaintiff's motion for a preliminary injunction upon the appellants' default in opposing the motion (*see Joseph v GMAC Leasing Corp.*, 44 AD3d 905 [2007]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur. [*See* 2007 NY Slip Op 32895(U).]