■ In the Matter of PAULA TOCCI, Respondent, v PETER E. FEDERMAN, Appellant. [887 NYS2d 853]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered March 26,

2009, as, upon review of the mother's objections, determined that a judgment of the same court dated May 20, 2002 (Braxton, J.), in favor of the mother and against him in the sum of $6,666.90, had been "extinguished" after its entry rather than "vacated," and, in effect, rejected his contention that he was to be credited with an overpayment of child support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Assuming the Family Court had the authority to consider the father's request which was, in effect, his second motion to vacate his default on the judgment dated May 20, 2002 (*see generally Glendora v Mastrorilli*, 14 Misc 3d 87, 88 [2006]), that court properly determined that a judgment in favor of the petitioner and against him had been "extinguished" after its entry by the father's satisfaction thereof (*see H. D. I. Diamonds v Frederick Modell, Inc.*, 86 AD2d 561 [1982]; *cf. Platinum Funding Corp. v Blue Ocean Lines*, 249 AD2d 19 [1998]), rather than "vacated." Contrary to the father's contentions, the record does not establish that the Family Court erroneously failed to credit him with an overpayment of child support, or that he had paid the amount of $6,666.90 prior to the entry of the judgment. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.