■ CHRISTOPHER CODONER et al., Appellants, v BOBBY's BUS Co., INC., et al., Respondents. [925 NYS2d 352]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered July 22, 2010, as granted that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate an order of the same court entered January 19, 2010, granting their motion for leave to enter a judgment against the defendants upon their default in appearing or answering the complaint.

Ordered that the order entered July 22, 2010, is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate the order entered January 19, 2010, is denied.

A defendant seeking to vacate a default in appearing or answering the complaint in an action on the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Citimortgage, Inc. v Brown*, 83 AD3d 644 [2011]; *US Consults v APG, Inc.*, 82 AD3d 753 [2011]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). Even if the defendants proffered a reasonable excuse for their default here, they failed to demonstrate the existence of a potentially meritorious defense to the action (*see e.g. Matter of Miguel M.-R.B.*, 36 AD3d 613, 614 [2007]; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.*, 110 AD2d 742 [1985]). Therefore, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate the order granting the plaintiffs' motion for leave to enter a judgment against the defendants upon their default in appearing or answering the complaint.

The defendants' remaining contention is without merit.

In light of our determination, we need not address the plaintiffs' remaining contention. Covello, J.P., Leventhal, Lott and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32182(U).]**