Pro-Med Medical, P.C., as Assignee of Jennifer Murillo, Jacinto Vargas, and Juanita Vargas, Respondent,
against
MVAIC, Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan Shapiro, Esq.), for appellant.
Israel, Israel & Purdy, LLP (Jennifer Greenhalgh Howard, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 1, 2015. The order denied defendant's motion to vacate a judgment of that court entered October 3, 2001, upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion, pursuant to, among other things, CPLR 5015 (a) (1), to vacate a default judgment entered on October 3, 2001, upon defendant's failure to appear or answer the complaint.
A movant seeking to vacate a default judgment based on an excusable default is required to demonstrate both that there was a reasonable excuse for the default and a meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). Defendant's motion was based upon allegations that it had first learned of the action in 2014 and first learned of the judgment in 2015, but those allegations were based neither on personal knowledge nor, apparently, on defendant's records. Defendant's claims manager alleged that defendant's files had been scanned into a computer system in 2006 and implied that the documentation relevant to this claim had not been scanned. He specifically alleged that defendant "has no documentation whatsoever with which to evaluate this claim." Thus, defendant has not demonstrated that it has a reasonable excuse for its default or a meritorious defense to the action. 
Defendant's remaining contentions lack merit or were raised for the first time on appeal.
Accordingly, the order is affirmed. 
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 02, 2018