Khyzhnyy Andriy, Appellant,
against
Ben & Nino Auto Repair, Respondent.




Khyzhnyy Andriy, appellant pro se.
Ben & Nino Auto Repair, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered January 12, 2017. The order denied plaintiff's motion to vacate a judgment of that court entered December 8, 2016 which, upon plaintiff's failure to appear at trial, after an inquest, dismissed the action and awarded defendant the principal sum of $5,000 on its counterclaim.




ORDERED that the order is reversed, without costs, and plaintiff's motion to vacate the judgment entered December 8, 2016 is granted.
Plaintiff commenced this small claims action to recover $3,800 for the loss of his automobile, which defendant had towed. Defendant interposed a counterclaim to recover $5,000 for "towing & storage." After defendant failed to appear at trial, an inquest was held. Thereafter, defendant moved to vacate its default. By order dated July 21, 2016, the Civil Court granted the motion, stating, among other things, "[c]ase adjourned to 12/8/16. Notice to claimant. Case marked final against both sides." When plaintiff failed to appear for trial on December 8, 2016, another inquest was held, following which a judgment was entered dismissing plaintiff's action and awarding defendant the principal sum of $5,000 upon its counterclaim. Plaintiff subsequently moved to vacate the default judgment, averring in his affidavit in support of the motion that he had not been notified that there would be a court date on December 8, 2016. By order dated January 12, 2017, the Civil Court denied plaintiff's [*2]unopposed motion. 
In order to vacate the default judgment in its entirety based on excusable default, plaintiff was required to demonstrate a reasonable excuse for his default, a meritorious cause of action, and a meritorious defense to defendant's counterclaim (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]; Britton v Gordon, 25 Misc 3d 140[A], 2009 NY Slip Op 52407[U] [App Term, 1st Dept 2009]). It is unclear from the record whether the court or defendant was to provide plaintiff with notice of the adjourned date of December 8, 2016. Defendant did not oppose plaintiff's motion to vacate the default judgment and, thus, did not assert that it had provided plaintiff with such notice. There is nothing in the record indicating that the court had ever notified plaintiff about the December 8, 2016 adjourned date. In addition, plaintiff stated that his car had been towed illegally. Thus, plaintiff has shown a reasonable excuse for his default and an arguably meritorious cause of action and defense to the counterclaim.
Accordingly, the order is reversed and plaintiff's motion to vacate the default judgment is granted. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019