Harriet Beizer, Appellant,
against
Kenneth M. Mollins and The Law Office of Kenneth M. Mollins, P.C., Respondents. 




Victor Serby of counsel, for appellant.
Law Offices of Kenneth Mollins, P.C. (Kenneth M. Mollins and David Austin of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered August 14, 2017. The order granted defendants' motion to vacate a judgment of that court entered July 18, 2016 upon defendants' failure to appear for an adjourned trial date.




ORDERED that the order is affirmed, without costs.
In this breach of contract action to recover the sum of $16,047.79, plus interest from September 2007, plaintiff alleges that defendants failed to pay for court reporting services rendered. After defendants failed to appear for adjourned trial dates on March 17, 2016 and April 20, 2016, the matter was immediately sent for an inquest, and a judgment was subsequently entered on July 18, 2016 against both defendants in the principal sum of $16,047.79. In January 2017, defendants moved by order to show cause to vacate the default judgment pursuant to CPLR 5015 (a) (1). The Civil Court granted the motion, and plaintiff appeals.
To prevail on their motion to vacate their default, defendants were required to demonstrate both that there was a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). "The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court, and will not be disturbed if the record supports such determination" (Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669 [2008]). Under the particular circumstances of this case, defendants demonstrated a reasonable excuse for their default in appearing and also demonstrated the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Green Apple Mgt. Corp. v Aronis, 55 AD3d 669; Hodges v Sidial, 48 AD3d 633 [2008]; Glendora v Mastrorilli, 14 Misc 3d 87, 89 [App Term, 2d Dept, 9th & 10th Jud Dists [*2]2006]). Thus, the Civil Court did not improvidently exercise its discretion in granting defendants' motion to vacate the judgment entered against them upon their default in appearing at trial. Moreover, vacatur of the default is consistent with the strong public policy of resolving cases on their merits (see Fuentes v Virgil, 88 AD3d 643, 643 [2011]; Dimitriadis v Visiting Nurse Serv. of NY, 84 AD3d 1150 [2011]).
We note that this court does not consider evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
PESCE, P.J., and WESTON, J., concur.
ALIOTTA, J., dissents and votes to reverse the order and deny defendants' motion to vacate the default judgment in the following memorandum:
Contrary to the holding of the majority, I find that defendants did not establish a reasonable excuse for their default or a meritorious defense.
The case was originally scheduled for trial on February 13, 2014, but the matter was adjourned, as defendants' attorney failed to appear due to a snow storm. Defendants then failed to appear for adjourned trial dates of March 17, 2016 and April 20, 2016, and a default judgment was entered against them on July 18, 2016. In January 2017, defendants moved to vacate the default judgment. I find that defendants failed to establish a reasonable excuse for their default, because between the original trial date in February 2014 and defendants' motion in January 2017, defendants' attorney neglected to track the case or make any efforts to determine the new court date.
Moreover, I find that defendants did not establish a meritorious defense. In this breach of contract action to recover for defendants' failure to pay for court reporting services, plaintiff established an account stated, and General Business Law § 399-cc provides that an attorney who engages a reporting service to make a stenographic record will be responsible to pay for those services.
Accordingly, I would reverse the order and deny defendants' motion to vacate the default judgment. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019