Holland v Pete B. Serv., Inc. (2020 NY Slip Op 51421(U))

[*1]

Holland v Pete B. Serv., Inc.

2020 NY Slip Op 51421(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1566 S C

Jeanine Holland, Respondent, 
against
Pete B. Service, Inc., Appellant. 

Pete B. Service, Inc., appellant pro se.
Jeanine Holland, respondent pro se.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), entered August 22, 2019. The order denied defendant's motion to vacate a
judgment of that court entered June 17, 2019 upon defendant's failure to appear or answer the
claim.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $1,018.02,
alleging that defendant had tampered with plaintiff's vehicle to create spurious work that did not
need to be performed. Upon defendant's failure to appear at the trial, a default judgment was
entered against it on June 17, 2019. On June 25, 2019, defendant moved to vacate the default
judgment, and submitted an affidavit of its principal in which he stated that defendant did not
appear at the trial on June 17, 2019, because that morning there had been a water main break
which caused flooding at his office and he had to remain on site for the emergency repair.
Defendant attached a paid receipt from Blue Dolphin Irrigation, dated June 17, 2019, which
showed that defendant was billed for the repair of a burst main feed and the ensuing clean-up for
a total of $1,730.40. As for a meritorious defense, defendant asserted that, prior to receiving the
complaint, defendant had no knowledge of any problems with the work it had performed.
In opposition, plaintiff argued that defendant failed to inform the court prior to either first or
second call that no one would be appearing for trial or to ask for an adjournment and then waited
eight days to file its motion. Plaintiff also argued that the invoice from Blue Dolphin Irrigation is
"bogus" because the company is a lawn sprinkler and repair company, defendant's facility is all
pavement (plaintiff submitted photographs of defendant's premises), and there is no [*2]cancelled check or other proof of payment.
The District Court denied defendant's motion, finding that defendant's excuse for failing to
appear was inadequate. The court noted that the invoice created by a sprinkler company was
vague in that it failed to state the location of the alleged water main break. The court also found
that defendant failed to state any meritorious defense to plaintiff's specific claims.
To prevail on its motion to vacate the judgment based on excusable default, defendant was
required to demonstrate that there was a reasonable excuse for the default and a potentially
meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v
A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). The
determination as to what constitutes a reasonable excuse lies within the sound discretion of the
trial court, and will not be disturbed if the record supports such a determination (see Green Apple Mgt. Corp. v Aronis,
55 AD3d 669 [2008]). Here, we find no basis to disturb the District Court's determination
that defendant failed to demonstrate a reasonable excuse for its default in appearing (see
CPLR 5015 [a] [1]; Green Apple Mgt.
Corp. v Aronis, 55 AD3d 669; Hodges v Sidial, 48 AD3d 633 [2008]; Glendora v
Mastrorilli, 14 Misc 3d 87 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). As
defendant failed to offer a reasonable excuse for its default, it is unnecessary to consider whether
defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Lane v Smith, 84 AD3d 746
[2011]).
We note that this court does not consider evidence which is dehors the record (see
Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020