Always In Style Limos, Inc. v Checkered Flag Auto & Bus Repair (2020 NY Slip Op
51422(U))

[*1]

Always In Style Limos, Inc. v Checkered Flag Auto & Bus
Repair

2020 NY Slip Op 51422(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1583 N C

Always In Style Limos, Inc., Respondent, 
against
Checkered Flag Auto & Bus Repair, Appellant.

Checkered Flag Auto & Bus Repair, appellant pro se.
Always In Style Limos, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Maxine S.
Broderick, J.), entered May 14, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $3,000 and dismissed the counterclaim.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
District Court for a new trial.
In this commercial claims action, plaintiff seeks to recover the principal sum of $5,000,
asserting that, as a result of allegedly defective repairs defendant performed on the
air-conditioning of its Bus Number 3 (the bus), plaintiff incurred additional repair expenses.
Defendant counterclaims to recover the principal sum of $3,536.05, based on plaintiff's alleged
failure to pay five separate invoices.
At a nonjury trial, plaintiff's manager testified that, in July 2018, plaintiff had paid defendant
to perform two separate repairs on the bus's air-conditioning, but that the air-conditioning had
malfunctioned due to the inadequacy of defendant's repairs. In September 2018, plaintiff paid
$5,000 to Limo Manufacturing & Auto Repair Inc. (Limo Manufacturing) to repair the bus's
air conditioning. Plaintiff also asserted that, between July 29 and September 8, 2018, it had been
compelled to refund a total of $4,050 to its customers due to the inadequacy of the
air-conditioning on the bus.
Defendant's witness testified that, because plaintiff had needed to use the bus every weekend,
plaintiff had only hired defendant in July 2018 to perform the minimal necessary repairs to its
air-conditioning, which defendant had done. He added that, following those repairs, plaintiff had
tested the bus's air-conditioning and had found it to be operable. He submitted [*2]evidence that the work Limo Manufacturing had performed on
defendant's bus constituted a complete overhaul of the bus's air conditioning system. With
respect to the counterclaim, defendant's witness indicated that defendant's invoice for $2,715.63
covered the parts Limo Manufacturing had used, as well as taxes and a freight charge.
Defendant's witness confirmed that the other invoices for which it sought a recovery in its
counterclaim pertained to parts provided or labor performed on plaintiff's buses other than its Bus
Number 3, whereupon the court declined to consider those portions of defendant's
counterclaim.
Following the trial, the District Court awarded judgment to plaintiff in the principal sum of
$3,000 and dismissed defendant's counterclaim.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a
trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity
to observe and evaluate the testimony and demeanor of the witnesses affords it a better
perspective from which to assess their credibility (see Vizzari v State of New York, 184
AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally
accorded to the credibility determinations of a trial court applies with greater force in the
Commercial Claims Part of the court, given the limited scope of review (see Williams v
Roper, 269 AD2d at 126).
As it cannot be determined from the record how the court arrived at the judgment amount of
$3,000 or whether it constituted an impermissible compromise judgment (see Dean v Security
Mut. Ins. Co., 21 AD3d 658, 661 [2005]; see also 105 NY Jur 2d, Trial § 481),
we are unable to evaluate whether the judgment in favor of plaintiff and dismissing defendant's
counterclaim rendered substantial justice between the parties (see UDCA 1804-A,
1807-A). A new trial is therefore warranted.
We note that CPLR 3019 (a) permits a defendant to counterclaim for any cause of action it
has against the plaintiff, whether or not the counterclaim is related to the plaintiff's action
(see Siegel & Connors, NY Prac § 224 [6th ed Dec 2019 Update]; see also
Crawford v Burkey, 93 AD3d 1134, 1135 [2012]; W. Joseph McPhillips, Inc. v Ellis,
278 AD2d 682, 683 [2000]; 84 NY Jur 2d, Pleading § 165), and that the District Court erred
by refusing to consider so much of defendant's counterclaim as pertained to its unpaid invoices
for goods and services it had allegedly provided to plaintiff's buses other than plaintiff's Bus
Number 3 (see generally UDCA 1805-A [c]).
We reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a
new trial.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020