Perez v Glenmore Ave. Mgt., Inc. (2021 NY Slip Op 50593(U))

[*1]

Perez v Glenmore Ave. Mgt., Inc.

2021 NY Slip Op 50593(U) [72 Misc 3d 128(A)]

Decided on June 25, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-13 K C

Hector Perez, Respondent,
against
Glenmore Ave. Management, Inc., Appellant.

The Rosenfeld Law Office (Avi Rosenfeld of counsel), for appellant.
Cooper, Paroff & Graham, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cheryl J.
Gonzales, J.), entered October 25, 2018. The order, insofar as appealed from, denied the branch
of a motion by Glenmore Ave. Management, Inc. seeking to vacate a final judgment of that court
entered September 27, 2018 upon the failure of Glenmore Ave. Management, Inc. to appear and
answer the petition in a summary proceeding brought pursuant to RPAPL 713 (10) and, upon
such vacatur, to dismiss the petition.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
branch of the motion by Glenmore Ave. Management, Inc. seeking to vacate the default final
judgment and, upon such vacatur, to dismiss the petition is granted to the extent of vacating the
default final judgment. 
In September 2018, petitioner, Hector Perez, commenced this summary proceeding pursuant
to RPAPL 713 (10), alleging that respondent, Glenmore Ave. Management, Inc. (Glenmore), had
illegally evicted petitioner from the subject premises and seeking, among other things, to be
restored to possession. Glenmore failed to answer or appear, and a final judgment was entered on
September 27, 2018 awarding petitioner possession and directing Glenmore to restore petitioner
to possession. By OSC filed in October 2018, Glenmore moved to, among other things, vacate
the default final judgment pursuant to CPLR 5015 (a) (4) or, in the alternative, CPLR 5015 (a)
(1) and, upon such vacatur, to dismiss the petition for lack of personal jurisdiction. By order
entered October 25, 2018, the Civil Court denied Glenmore's motion.
Upon a review of the record, we find that Glenmore did not satisfy its burden of
demonstrating a lack of personal jurisdiction so as to warrant the vacatur of the default final
[*2]judgment (see CPLR 5015 [a] [4]) or the dismissal of
the petition on that ground. 
A movant seeking to vacate a default judgment based on an excusable default is required to
demonstrate both that there was a reasonable excuse for the default and a meritorious defense to
the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr.
Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843
[2011]). "The determination as to what constitutes a reasonable excuse lies within the sound
discretion of the trial court, and will not be disturbed if the record supports such determination"
(Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669 [2008]). Among the relevant
factors to be considered when deciding whether there is a reasonable excuse for a default is the
extent of the delay in answering (see Gately v Drummond, 161 AD3d 947 [2018];
Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907 [2015]). 
Under the particular circumstances presented, including that this proceeding was commenced
in September of 2018, the default final judgment was entered on September 27, 2018, and
Glenmore moved to vacate the default final judgment in October of 2018, we find that Glenmore
demonstrated a reasonable excuse for its default and also demonstrated the existence of a
potentially meritorious defense (see CPLR 5015 [a] [1]; Green Apple Mgt. Corp. v
Aronis, 55 AD3d 669; Hodges v Sidial, 48 AD3d 633 [2008]). Thus, the Civil Court
improvidently exercised its discretion in denying vacatur of the final judgment entered against
Glenmore upon its default in appearing at trial. Moreover, vacatur is consistent with the strong
public policy of resolving cases on their merits (see Fuentes v Virgil, 88 AD3d 643, 643
[2011]; Dimitriadis v Visiting Nurse Serv. of NY, 84 AD3d 1150 [2011]).
Accordingly, the order, insofar as appealed from, is reversed, and the branch of Glenmore's
motion seeking to vacate the default final judgment and, upon such vacatur, to dismiss the
petition is granted to the extent of vacating the default final judgment. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 25, 2021