146 Flushing Ave., LLC v 66S Fusion, Inc. (2021 NY Slip Op 50595(U))

[*1]

146 Flushing Ave., LLC v 66S Fusion, Inc.

2021 NY Slip Op 50595(U) [72 Misc 3d 128(A)]

Decided on June 25, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-693 K C

146 Flushing Avenue, LLC, Respondent,
against
66S Fusion, Inc., Doing Business as 66 Cafemart, Appellant.

Alliance Law, PLLC (Wei Ji of counsel), for appellant.
Thomas R. Kleinberger, PLLC (Thomas R. Kleinberger of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Robin S. Garson, J.), entered February 5, 2020. The final judgment, after a nonjury trial,
awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to
the Civil Court for the entry of a final judgment dismissing the petition.
This commercial holdover proceeding is based on landlord's termination of a lease upon
tenant's failure to comply with a 15-day notice to cure, dated March 5, 2019, which alleged that
tenant had breached several lease provisions and required tenant to cure the listed defaults by
March 29, 2019. The notice to cure was served by substituted service upon tenant's employee on
March 13, 2019, with additional copies sent by regular and certified mail to tenant at the subject
property, and to tenant's principal at a residential address. In its answer, tenant denied the
allegation in the petition regarding service of the notice to cure and alleged, as an affirmative
defense, that landlord failed to provide the appropriate time to cure. At a nonjury trial, after
landlord rested, tenant moved to dismiss the petition arguing, among other things, that the notice
to cure was inadequate. The Civil Court denied tenant's motion and, following the trial, a final
judgment of possession in favor of landlord was entered on February 5, 2020. 
Contrary to tenant's argument, article 17 of the lease provides the proper procedure to
terminate the lease and, pursuant thereto, landlord was permitted to serve a notice of termination
if tenant failed to comply with a 15-day notice to cure. Article 55 of the lease rider is not in
conflict with article 17 and it does not include any additional requirement with which landlord
failed to comply. Rather, it merely permits landlord to serve a termination notice without first
serving a 15-day notice to cure under circumstances not applicable here.
Tenant correctly argues, however, that it was not given sufficient time to cure. Under [*2]article 56 of the lease rider, in order to be effective, any notice must
be sent, by certified or regular mail, to the premises with attention to tenant's principal or to
tenant's principal at a specified residential address. Service by certified mail is deemed complete
three days after the mailing. Here, the only copy of the notice to cure that was served in
compliance with article 56 was sent by certified mail on March 13, 2019 to tenant's principal at
the specified residential address. This notice did not provide sufficient time to cure because it
was, pursuant to article 56, deemed served on March 16, 2019, and the time to comply with the
notice expired fewer than 15 days later. While article 27 has less stringent service requirements,
article 56 controls because it states that it modifies article 27 and the rider provides that any
conflict between the main lease and the rider shall be "resolved in favor" of the provision in the
rider. Service of a proper predicate notice is an element of landlord's case (see Chinatown
Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]; Grenadeir Parking Corp. v Landmark
Assoc., 283 AD2d 379, 380 [2001]; Hendrickson v Lexington Oil Co., 41 AD2d 672
[1973]) and was not waived, as tenant asserted it in its answer and at trial (see CPLR
3211 [e]; Mautner-Glick Corp. v
Glazer, 148 AD3d 515 [2017]; W54-7 LLC v Schick, 14 Misc 3d 49 [App Term, 1st Dept 2006]).
As landlord failed to prove its prima facie case, dismissal of the petition is required. 
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for
the entry of a final judgment dismissing the petition.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 25, 2021