Luisa v Zakir (2021 NY Slip Op 50768(U))

[*1]

Luisa v Zakir

2021 NY Slip Op 50768(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1547 Q C

Carmen Chi Luisa, Respondent,
against
Ahmed Zakir, Appellant. 

Ahmed Zakir, appellant pro se.
Carmen Chi Luisa, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A.
Catapano-Fox, J.), dated August 14, 2019. The order denied defendant's motion to vacate a
judgment of that court entered November 18, 2004 upon defendant's failure to appear or answer
the claim.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000. Upon
defendant's failure to appear at the trial, a default judgment was entered against him on
November 18, 2004 in the principal sum of $2,600. On July 29, 2019, defendant moved to vacate
the default judgment. The Civil Court denied defendant's motion, finding that he had not
established a reasonable excuse for failing to appear and had not set forth any meritorious
defense.
To prevail on his motion to vacate the judgment based on excusable default, defendant was
required to demonstrate that there was a reasonable excuse for the default and a potentially
meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v
A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). The
determination as to what constitutes a reasonable excuse lies within the sound discretion of the
trial court, and will not be disturbed if the record supports such a determination (see Green Apple Mgt. Corp. v Aronis,
55 AD3d 669 [2008]). Here, we find no basis to disturb the Civil Court's determination that
defendant failed to demonstrate a reasonable excuse for his default in appearing (see
CPLR 5015 [a] [1]; Holland v Pete B.
Serv., Inc., 69 Misc 3d 146[A], 2020 NY Slip Op 51421[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]). In view of the foregoing, it is unnecessary to consider whether
defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Lane v Smith, 84 AD3d 746
[2011]).
We note that this court does not consider evidence which is dehors the record (see
Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021