U.S. Bank N.A. v Mallouk (2024 NY Slip Op 04094)

U.S. Bank N.A. v Mallouk

2024 NY Slip Op 04094

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08806
 (Index No. 708962/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Marta Mallouk, etc., appellant, et al., defendants.

Law Office of Paul R. Kenney, LLC, New York, NY, for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marta Mallouk appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated September 29, 2022. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of its prior motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Marguerite A. Grays, J.) dated January 5, 2018, directing dismissal of the action, which had been denied in an order of the same court (Leonard Livote, J.) dated January 16, 2019, and, upon renewal, in effect, vacated the determination in the order dated January 16, 2019, denying that branch of the plaintiff's prior motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated January 5, 2018, and thereupon, granted that branch of the plaintiff's prior motion.
ORDERED that the order dated September 29, 2022, is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of its prior motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated January 5, 2018, is denied.
On August 26, 2015, the plaintiff commenced this mortgage foreclosure action against the defendant Marta Mallouk (hereinafter the defendant), among others. After joinder of issue, the Supreme Court conducted several foreclosure settlement conferences, after which a court attorney referee issued a residential foreclosure conference order dated June 7, 2017, inter alia, directing the plaintiff to file a motion for an order of reference by September 19, 2017, the date a status conference was scheduled to take place. Upon the plaintiff's failure to move for an order of reference as directed, the status conference was adjourned to December 5, 2017. Following the plaintiff's failure to move for an order of reference by December 5, 2017, the court attorney referee found, in a report dated December 19, 2017, that the plaintiff had not shown good cause for its failure to move for an order of reference as directed and recommended that the action be dismissed. By order dated January 5, 2018, the court directed dismissal of the action (hereinafter the dismissal order).
Subsequently, on or about November 7, 2018, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the dismissal order. In an order dated January 16, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion on the ground that the [*2]plaintiff had "failed to submit an affidavit containing evidentiary facts to support its claim of law office failure."
Thereafter, the plaintiff made a second motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the dismissal order. The plaintiff included with its motion papers an attorney affirmation in support of its claim of law office failure. The defendant opposed the motion. In an order dated September 29, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's second motion which was pursuant to CPLR 5015(a)(1) to vacate the dismissal order. The defendant appeals.
That branch of the plaintiff's second motion which was pursuant to CPLR 5015(a)(1) to vacate the dismissal order, in effect, sought leave to renew that branch of the plaintiff's prior motion which was to vacate the dismissal order, which was denied in the order dated January 16, 2019 (see Fusion Funding v Loftti Inc., 216 AD3d 1416, 1417; cf. Britvan v Sutton & Edwards, 226 AD2d 491, 491; Glendora v Mastrorilli, 14 Misc 3d 87, 88 [App Term, 2d Dept]). In that regard, a motion for leave to renew must "be identified specifically as such," "be based upon new facts not offered on the prior motion that would change the prior determination," and "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e]).
Here, the plaintiff failed to specifically identify its motion as one seeking, inter alia, leave to renew. Further, the plaintiff submitted additional facts known to it at the time of the prior motion without demonstrating a reasonable justification for failing to submit them on the earlier motion. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437).
Moreover, even assuming, arguendo, that the plaintiff had demonstrated a reasonable justification for its failure to present the attorney affirmation in support of its claim of law office failure on the prior motion, the new facts set forth therein would not have changed the prior determination denying vacatur of the dismissal order (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716). In particular, contrary to the Supreme Court's determination, even with the submission of the new attorney affirmation, the plaintiff still failed to demonstrate a reasonable excuse for its failure to file a motion for an order of reference by the adjourned deadline of December 5, 2017. Although the court, in its discretion, may accept law office failure as a reasonable excuse for a default (see CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not constitute a reasonable excuse (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 951-952), nor does "mere neglect" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671 [internal quotation marks omitted]). Furthermore, "there is nothing unique or unusual about this case" such that it would be an appropriate case in which to exercise the broad equity power of a court to vacate its own order (Katz v Marra, 74 AD3d 888, 891).
Accordingly, the Supreme Court erred in, in effect, granting that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of its prior motion which was pursuant to CPLR 5015(a)(1) to vacate the dismissal order.
In light of the foregoing determination, this Court need not reach the defendant's remaining contention.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court